Affirmed and Memorandum Opinion filed July 12, 2005









Affirmed
and Memorandum Opinion filed July 12, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-03-01412-CR
&

      14-03-01413-CR

____________

 

PHILLIP A. MISSICK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________

 

On Appeal from the County Court at Law

Walker County, Texas

Trial Court Cause Nos. 01-610 & 01-611

__________________________________________________________

 

M E M O R A N D U M   O P I N I O
N








Appellant, Phillip A. Missick, challenges his
convictions for resisting arrest and criminal trespass, raising twelve issues
on appeal.  With respect to his
conviction for resisting arrest, appellant argues (1) the complaint is fatally
defective; (2) the information is fatally defective because it is allegedly
based on a fatally defective complaint; (3) jury charge error; (4) the judgment
is void because it is allegedly based on a fundamentally defective information;
(5) the evidence is legally and factually insufficient to sustain his
conviction; and (6) appellant=s trial
counsel rendered ineffective assistance of counsel.  With respect to his conviction for criminal
trespass, appellant argues (7)B(9) the
complaint is fatally defective; (10) the information is fatally defective
because it is allegedly based on a fatally defective complaint; (11) the
judgment is void because it is allegedly based on a fatally defective
information; and (12) appellant=s trial
counsel rendered ineffective assistance of counsel.  We affirm.

I. 
Factual and Procedural Background

Appellant was arrested on March 5, 2001, while
participating in a pro-life demonstration on the campus of Sam Houston State
University in Huntsville, Texas.  Frank
Parker, Dean of Students, asked appellant several times to move the
demonstration to the free speech area of the university or to leave the
campus.  Appellant refused to move.  Officer William Farmer of the Sam Houston
State University Police Department asked appellant to leave campus and told
appellant he would be arrested if he refused. 
Appellant again refused to leave, and Officer Farmer placed appellant
under arrest for criminal trespass. 
Officer Farmer grabbed one of appellant=s arms to
handcuff him, and appellant jerked away. 
Officer Farmer advised appellant that he was under arrest for criminal
trespass and grabbed his arm again. 
Appellant pushed Officer Farmer in the chest and pulled his arm
away.  Officer Farmer advised appellant
he was resisting arrest, but appellant kept jerking his arm away each time
Officer Farmer tried to handcuff him. 
Finally, Officer Farmer placed appellant in a headlock and handcuffed
him.








Appellant was charged by information with criminal
trespass and resisting arrest.  See
Tex. Pen. Code Ann. ' 30.05
(Vernon Supp. 2004B2005), ' 38.03
(Vernon 2003).  He pleaded not guilty to
both offenses.  Appellant was tried on
both charges together.  The jury found
appellant guilty of both offenses as charged in the information.  The trial court assessed punishment at 180
days in the Walker County Jail for each offense, with the sentences to run
concurrently.  The sentences were
suspended, and appellant was placed on probation for two years.  The trial court also assessed an $800 fine
for the criminal trespass conviction.

II.  Issues and
Analysis

A.        Are
the complaint and information charging appellant with resisting arrest fatally
defective?

In his first issue,
appellant contends that because the complaint charging him with resisting
arrest alleges an additional culpable mental state, it is fatally defective
because it does not charge appellant with an offense as defined by Texas law.  In his second issue, appellant argues the
information charging him with resisting arrest is fatally defective because the
complaint upon which it is based is fatally defective.

A person is guilty of resisting arrest if that
person intentionally prevents or obstructs a person he knows is a peace officer
from effecting an arrest of that person by using force against the peace
officer.  Tex. Pen. Code Ann. '
38.03(a).  The complaint and information
in this case charge the culpable mental state as Aintentionally
and knowingly@ instead of just Aintentionally@ as
prescribed by the statute.  See id.

A complaint is an affidavit made before a
magistrate or district or county attorney that charges the commission of the
offense.  Tex. Code Crim. Proc. Ann. art. 15.04 (Vernon 2005).  Among other requirements, a complaint must
show that the accused has committed an offense under Texas law.  Tex.
Code Crim. Proc. Ann. art. 15.05(2) (Vernon 2005).  An information is a written statement filed
and presented on behalf of the State by a district or county attorney, charging
the defendant with an offense.  Tex. Code Crim. Proc. Ann. art. 21.20
(Vernon 1989).  An information must be
accompanied by a complaint charging the defendant with an offense.  See Tex.
Code Crim. Proc. Ann. art. 21.22 (Vernon 1989).








In his first issue, appellant argues the complaint
underlying the information is fatally defective because it charges an
additional culpable mental state. 
Appellant raises this issue for the first time on appeal.  A defect in a complaint underlying an
information must be raised before trial pursuant to article 27.03(1) of the
Texas Code of Criminal Procedure.  Aguilar
v. State, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993); see Tex. Code Crim. Proc. Ann. art.
27.03(1) (Vernon 1989) (stating that a motion to set aside an information may
be based on the grounds that the information was not based upon a valid
complaint).  Even if the complaint
underlying the information is invalid, appellant cannot raise this issue for
the first time on appeal.  See Aguilar,
846 S.W.2d at 320.  Accordingly, we
overrule appellant=s first
issue.

In his second issue, appellant argues the
information charging him with resisting arrest is fatally defective because the
complaint upon which it is based is fatally defective.   Appellant raises this issue for the first
time on appeal.  Because appellant did
not object to the information prior to trial, he waived any contention that the
information was defective for the reason it was based upon a defective underlying
complaint.  See Ramirez v. State,
105 S.W.3d 628, 630 (Tex. Crim. App. 2003). 
Therefore, we overrule appellant=s second
issue.

B.        Are the complaint and information charging
appellant with criminal trespass fatally defective? 

In his seventh, eighth, and ninth issues,
appellant contends that because the complaint charging him with criminal
trespass alleges the culpable mental state in the disjunctive, it is fatally
defective because, appellant argues, it does not charge appellant with criminal
trespass as defined by Texas law.  In his
tenth issue, appellant argues the information charging him with criminal
trespass is fatally defective because the complaint upon which it is based is
fatally defective.








A person commits the offense of criminal trespass
if that person remains on the property of another without effective consent and
he received notice to depart but failed to do so.  Tex.
Pen. Code Ann. '
30.05(a)(2).  Even though the statutory
language of section 30.05(a)(2) does not prescribe a culpable mental state, one
is nevertheless required.  See Tex. Pen. Code Ann. ' 6.02(b)
(Vernon 2003).  Intent, knowledge, or
recklessness is sufficient to establish responsibility for criminal
trespass.  Day v. State, 532
S.W.2d 302, 306 n.2 (Tex. Crim. App. 1976); see Tex. Pen. Code Ann. '
6.02(c).  The complaint in this case
charged that appellant intentionally or knowingly remained on the property
without Dean Parker=s
effective consent and appellant received notice to depart but failed to do so. 

In his seventh issue, appellant asserts the
complaint is fatally defective because the culpable mental state is charged in
the disjunctive rather than in the conjunctive. 
Appellant argues that the use of the disjunctive renders the allegation
vague and uncertain.  In his reply brief,
appellant recognizes that pleading the disjunctive is permissible, and abandons
this issue on appeal.  See, e.g., Hunter
v. State, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979).  Accordingly, we overrule appellant=s seventh
issue.

In his eighth issue, appellant contends the
complaint fails to charge him with the offense of criminal trespass under Texas
law because the complaint charges him with criminal trespass in two ways by
charging the culpable mental state in the disjunctive.  Therefore, appellant argues, the complaint is
fatally defective.  In his ninth issue,
appellant argues the complaint fails to charge appellant with criminal trespass
under Texas law because it charges two culpable mental states when section 6.02
of the Texas Penal Code only authorizes a single culpable mental state.  As noted above, a defect in a complaint
underlying an information must be raised before trial pursuant to article
27.03(1) of the Texas Code of Criminal Procedure.  Aguilar, 846 S.W.2d at 320; see
Tex. Code Crim. Proc. Ann.
art. 27.03(1).  Presuming without
deciding that the complaint underlying the information is invalid, appellant
cannot raise this issue for the first time on appeal.  See Aguilar, 846 S.W.2d at 320.  Accordingly, we overrule appellant=s eighth
and ninth issues.








In his tenth issue, appellant argues the
information charging him with criminal trespass is fatally defective because
the complaint upon which it is based is fatally defective.  As stated in the previous section, because
appellant did not object to the information prior to trial, he waived any
contention that the information was defective because it was based upon a
defective underlying complaint.  See
Ramirez, 105 S.W.3d at 630. 
Therefore, we overrule appellant=s tenth
issue.

C.        Did the trial court
incorrectly charge the jury on resisting arrest?

In his third issue, appellant claims the trial
court incorrectly charged the jury on resisting arrest because the culpable
mental state in the application paragraph of the charge conflicted with the
culpable mental state in (1) the statutory definition of the offense; (2) the
abstract instruction in the jury charge; and (3) the trial court=s oral
instructions to the jury.  Therefore,
appellant argues, the charge was fundamentally erroneous because it misstated
the applicable law and confused the jury. 


Section 38.03(a) of the Texas Penal Code states
that a person is guilty of resisting arrest if that person intentionally
prevents or obstructs a person he knows is a peace officer from effecting his
arrest by using force against the peace officer.  Tex.
Pen. Code Ann. '
38.03(a).  The abstract instruction on
resisting arrest tracked this language. 
The application paragraph, however, authorized the jury to convict
appellant if he intentionally and knowingly prevented and obstructed
Officer Farmer from arresting him.[1]  The trial court orally instructed the jury
that it could find appellant guilty if he intentionally or knowingly prevented
and obstructed Officer Farmer from arresting him.  No objection to the jury charge was made
regarding the culpable mental state required to convict appellant of resisting
arrest.








When defense counsel does not object to a jury
charge, the error, if any, does not require reversal unless it was so egregious
and created such harm that appellant was denied a fair trial.  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984).  Appellant argues
that the application paragraph was erroneous and this error was prejudicial to
him because the conflicting instructions confused the jury and reduced the
State=s burden
of proof.  The jury charge limited the
jury to the law contained in the charge, stating that the jury was Abound to
receive the law from the Court which is herein given to you and governed
thereby.@ We
presume the jury followed the instructions in the jury charge.  See Will v. State, 794 S.W.2d 948, 951
(Tex. App.CHouston [1st Dist.] 1990, pet.
ref=d).  This presumption is rebuttable, but appellant
has pointed to no evidence that the jury was confused by the discrepancy
between these instructions and the jury charge or that it followed the trial
court=s oral
instruction instead of the jury charge. 
We conclude that appellant has not shown egregious error.

Even if the inclusion of a lesser culpable mental
state in the application paragraph of the jury charge was error, it was not
harmful.  Because Aintentionally@ is a
greater culpable mental state than Aknowingly,@ intent
includes knowledge.  See Tex. Pen. Code Ann. ' 6.02(d),
(e).  The application paragraph
authorized the jury to convict appellant only if it found that he intentionally
and knowingly prevented and obstructed Officer Farmer from arresting him.  The State=s burden
of proof was not reduced because it was still required to prove that appellant
acted intentionally.  Therefore, we
overrule appellant=s third
issue.

D.        Are the judgments convicting appellant of resisting arrest
and criminal trespass valid?

In his fourth and eleventh issues, appellant
asserts the judgments convicting appellant of resisting arrest and criminal
trespass are invalid because (1) each judgment was based on a defective information
and (2) the trial court lacked jurisdiction to hear either cause.








A substantive
defect in a charging instrument does not automatically render a judgment
void.  Ex parte Patterson, 969
S.W.2d 16, 19 (Tex. Crim. App. 1998). 
Under the Texas Constitution, an information must charge a person with
the commission of an offense. Tex.
Const. art. V, ' 12(b).  An information
that is flawed by a substantive defect but which purports to charge an offense
is not fundamentally defective.  Ex
parte Patterson, 969 S.W.2d at 19. 
Such an information will support a conviction in the absence of a
timely, pretrial objection.  Id.  As previously discussed, appellant did not
object to either information before trial, and he raises this argument for the
first time on appeal.  Presuming without
deciding that each information is flawed by a substantive defect, appellant
cannot challenge the validity of either judgment on appeal.  See id.  

Appellant also contends the judgments are void
because the trial court lacked jurisdiction in both causes.  Appellant argues the trial court lacked
jurisdiction because each information was predicated on a defective complaint.  Presentment of an information to a trial
court invests the court with jurisdiction over the defendant regardless of any
defect that might exist in the underlying complaint.  Aguilar, 846 S.W.2d at 318; see Tex. Const. art. V, ' 12(b).

Accordingly, we overrule appellant=s fourth and eleventh issues.  

E.        Is the evidence legally and factually sufficient to support
appellant=s conviction  for resisting arrest? 

In his fifth issue, appellant complains the
evidence is legally and factually insufficient to support his conviction for
resisting arrest.  A person is guilty of
resisting arrest if that person intentionally prevents or obstructs a person he
knows is a peace officer from effecting an arrest of that person by using force
against the peace officer.  Tex. Pen. Code Ann. '
38.03(a).  The application paragraph of
the jury charge changed the Aprevents
or obstructs@ element to Aprevents
and obstructs,@authorizing the jury to find
appellant guilty only if it found appellant intentionally and knowingly
prevented and obstructed Officer Farmer from arresting appellant by using force
against Officer Farmer by pushing him. 
Appellant argues the evidence is legally and factually insufficient to
support his conviction because there is no evidence appellant both prevented
and obstructed his arrest.








We measure the sufficiency of the evidence by the
elements of the offense as defined by a hypothetically-correct jury
charge.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997).  A
hypothetically correct jury charge accurately sets out the law, is authorized
by the charging instrument, and adequately describes the particular offense for
which appellant was tried.  Id.  The hypothetically correct application
paragraph in this case would have authorized the jury to convict appellant of
resisting arrest if he intentionally prevented or obstructed Officer Farmer
from effecting the arrest of appellant by using force against Officer Farmer by
pushing him.  See Tex. Pen. Code Ann. '
38.03(a).  Recognizing the holding in Malik
as applied to this case, appellant, in his reply brief, abandons his contention
that the evidence is insufficient to support his conviction because there is no
evidence appellant prevented his arrest. 
We now discuss whether there was sufficient evidence for a jury to find
that appellant obstructed his arrest.

In evaluating a legal-sufficiency challenge, we
view the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000).  The issue on
appeal is not whether we, as a court, believe the State=s
evidence or believe that appellants= evidence
outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1991).  The jury, as the trier
of fact, Ais the sole judge of the
credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses=
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993).  Therefore, if any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).








Appellant argues the evidence is legally
insufficient because the evidence indicates he was evading, not resisting,
arrest.  Appellant points to his
testimony and that of Rose Wrider as evidence that he was merely evading
arrest.  Wrider, a fellow protestor,
testified that she saw appellant step away from Officer Farmer right before
appellant was placed in a headlock. Appellant also testified that he pulled
away from Officer Farmer, but did not push him. 
Evidence offered by the State, however, showed appellant=s actions
went beyond merely evading arrest. 
Officer Farmer testified that appellant continually jerked away from him
and pushed him once or twice in the chest while he was trying to arrest
appellant.  Officer Farmer also testified
that appellant=s actions obstructed Officer
Farmer from arresting appellant.

Appellant also argues the evidence is legally
insufficient because pushing Officer Farmer in the chest and jerking away from
him is not sufficient to establish that appellant used force against an
officer.  Appellant asserts that, while
Officer Farmer testified appellant=s actions
obstructed appellant=s arrest,
Officer Farmer did not testify as to the forcefulness of appellant=s pushing
or that he was obstructed from making the arrest by appellant=s
pushing.  Pushing and pulling away from
an officer=s detaining grip is legally
sufficient to establish that appellant used force against an officer.  See Bryant v. State, 923 S.W.2d 199,
207B08 (Tex.
App.CWaco
1996, pet. ref=d).  After evaluating the evidence in a light most
favorable to the verdict, we conclude the evidence is legally sufficient to
support appellant=s
conviction for resisting arrest.








When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
A reviewing court may find the evidence factually insufficient in two
ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id. at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

Appellant argues the evidence is factually
insufficient to support his conviction for resisting arrest because the
evidence was insufficient to show appellant obstructed his arrest by pushing
Officer Farmer.  Officer Farmer testified
at trial that appellant pushed him once or twice in the chest while he was
trying to arrest appellant.  In contrast,
appellant testified that he never pushed Officer Farmer but may have pulled
away from him once.  Because the jury is the sole judge of
the credibility of witnesses and the weight to be given their testimony, we
defer to its decision.  When faced
with conflicting testimony from appellant and Officer Farmer, the jury chose to
believe Officer Farmer=s version
of events.  After viewing all of the
evidence in a neutral light, we find (1) the evidence supporting the verdict is
strong enough to support the finding of guilt beyond a reasonable doubt, and
(2) that the contrary evidence is not strong enough to prevent the
beyond-a-reasonable-doubt standard from being met.  Therefore, we conclude the jury was rationally
justified in finding appellant guilty beyond a reasonable doubt.  Accordingly, we find the evidence factually
sufficient to support appellant=s
conviction.

Having found the evidence both legally and
factually sufficient to support appellant=s
conviction for resisting arrest, we overrule appellant=s fifth
issue.

F.        Did appellant receive
ineffective assistance of counsel?








In his sixth and twelfth issues, appellant asserts
he was denied reasonably effective assistance of counsel.  Appellant argues his counsel was ineffective
because his counsel allegedly failed to (1) quash the information and
underlying complaint in each cause; (2) question prospective jurors about any
possible bias or prejudice; (3) object to unresponsive, conclusory, and
narrative answers by Dean Parker; (4) argue his motion for directed verdict at
the close of the State=s case;
(5) make a motion for directed verdict at the close of the evidentiary phase of
the trial; (6) make an opening statement; (7) inquire further into the
existence of a videotape of the protest; and (8) object to the jury charge. 
Appellant also claims that the accumulation of these alleged errors
amounted to ineffective assistance of counsel.

Both the
United States and Texas Constitutions guarantee an accused the right to
assistance of counsel. U.S. Const. amend.
VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right necessarily includes the right to
reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945
S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show that (1)
trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland, 466 U.S. at 688B92. 
Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  








In
assessing appellant=s claims, we apply a strong presumption that trial counsel
was competent.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We presume counsel=s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  When, as in this
case, there is no proper evidentiary record developed at a hearing on a motion
for new trial, it is extremely difficult to show that trial counsel=s performance was deficient.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23
S.W.3d 198, 208B09 (Tex.
App.CHouston [14th
Dist.] 2000, pet. ref=d). 








Although
the Court of Criminal Appeals has stated that it should be a rare case in which
an appellate court finds ineffective assistance on a record that is silent as to
counsel=s trial strategy, our high court has
been inconsistent in describing the legal standard by which we should determine
whether a particular case constitutes such a rarity.  See Andrews v. State, 159 S.W.3d 98, 103
(Tex. Crim. App. 2005) (stating that facts at hand presented a Arare case@ in which ineffective assistance can
be found on direct appeal based on a record silent as to counsel=s trial strategy); Andrews,
159 S.W.3d at 104 (Keller, P.J., dissenting) (stating that the Court of
Criminal Appeals has been inconsistent in its approaches to ineffective
assistance claims on direct appeal based on a silent record and indicating that
the court=s approach in Andrews is
inconsistent with its approach in Freeman v. State, 125 S.W.3d 505 (Tex.
Crim. App. 2003)); see also Storr v. State, 126 S.W.3d 647, 655B58 (Tex. App.CHouston [14th Dist.] 2004, pet ref=d) (Frost, J., dissenting) (stating
that court should follow latest guidance from the Court of Criminal Appeals in Freeman).  The Court of Criminal Appeals recently
indicated that appellate courts should find ineffective assistance as a matter
of law if no reasonable trial strategy could justify trial counsel=s conduct, regardless of whether the
record adequately reflects trial counsel=s subjective reasons for acting as
she did.  See Andrews, 159 S.W.3d
at 102.  Shortly thereafter, the Court of
Criminal Appeals returned to an earlier formulation and stated that, absent an
opportunity for trial counsel to explain her actions, appellate courts should
not find ineffective assistance unless the challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, __ S.W.3d __, __, 2005
WL 766996, at *2 (Tex. Crim. App. Apr. 6, 2005) (quoting Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). 
Accordingly, we follow the legal standard from Goodspeed.

In this
case, there was no motion for new trial. 
The record is silent as to trial counsel=s strategy.  With respect to sub-issues two
and six, trial counsel=s
representation was not deficient. 
Appellant asserts he was denied effective assistance because trial
counsel failed to question prospective jurors about any bias or prejudice they
might have had concerning abortion, abortion protestors, and outsiders= rights
to free speech on university campuses. 
He also contends trial counsel should have asked prospective jurors
about any connection they or their relatives may have had with Sam Houston
State University or Dean Parker. 
Appellant argues that because of trial counsel=s
allegedly inadequate voir dire, neither trial counsel nor the State made a
motion to strike a juror for cause.  As a
result, appellant claims, his right to a fair trial was impaired.

Both trial counsel and the State questioned the
prospective jurors about bias and prejudice in general.  The State also asked prospective jurors if
they could be fair and were able to listen to the evidence and make a decision
based on the law.  Based on the record
before us, we cannot say that appellant=s trial
counsel=s
performance was so outrageous that no competent attorney would have engaged in
it.  See Armstrong v. State,
897 S.W.2d 361, 364 n.1 (Tex. Crim. App. 1995) (stating defense counsel is
entitled to rely on the voir dire examination of the State); Weaver v. State,
999 S.W.2d 913, 912B20 (Tex.
App.CWaco
1999, no pet.) (finding defendant=s claim
that counsel was ineffective for failing to question potential jurors about
involvement with law enforcement was not substantiated by record where counsel=s
questions were aimed at jurors=
prejudices and their ability to follow the law).








Appellant also complains he received ineffective
assistance because trial counsel did not make an opening statement.  Appellant claims he was prejudiced because
the jury was not presented with an outline of the defenses trial counsel
intended to present and develop during the defensive phase of trial.  Trial counsel=s
decision not to make an opening statement could be a matter of plausible trial
strategy.  See Taylor v. State,
947 S.W.2d 698, 704 (Tex. App.CFort
Worth 1997, pet ref=d).  Therefore, we conclude that trial counsel=s conduct
in opting not to present an opening argument was not so outrageous that no
competent attorney would have engaged in it.

As to the remaining sub-issues, even if appellant
were able to satisfy the first prong of the Strickland analysis, his
ineffective-assistance claims would fail because he cannot demonstrate that
there is a reasonable probability that the outcome of his trial would have been
different had trial counsel not acted the way he did.  Appellant cannot show he was harmed by trial
counsel=s failure
to file a motion to quash the information and underlying complaint in each
cause.  See Rodriguez v. State, 899
S.W.2d 658, 668 (Tex. Crim. App. 1995). 
The State is authorized to amend a defective information after it is
quashed.  Tex. Code Crim. Proc. Ann. Art. 28.10 (Vernon 1989).  Had trial counsel filed a motion to quash,
the State could have amended the charging instrument to allege the correct
culpable mental state.  See id.








Appellant contends he was harmed by trial counsel=s failure
to object to unresponsive answers, improper conclusory answers, and narrative
answers by Dean Parker.  Specifically,
appellant points to statements in which Dean Parker stated he believed in a
person=s right
of free speech; he wanted appellant to be on campus because he wanted to be
there; he had concern about the protestors= safety
on campus; his policies concerning people coming on campus to exercise their
freedom of speech were more lenient than those in the student handbook; he
received complaints about free speech activities disrupting classes; he was a
Baptist deacon; another protestor arrested that day left the scene calmly, as
if he Aknew the
drill@; and he
had no interest in seeing anyone arrested that day.  Appellant also complains that Dean Parker=s
testimony concerning the university=s free
speech policy was improper because his explanation of the policy was incorrect
and contained personal opinions. 
Appellant does not articulate, nor do we see, how the admission of these
portions of Dean Parker=s
testimony were prejudicial to appellant.

At the conclusion of the State=s case,
appellant made a motion for directed verdict on the grounds the State failed to
prove all elements of each offense.  The
trial court denied the motion.  Appellant
argues the motion appeared to be perfunctory and trial counsel should have
argued the motion.  Trial counsel also
did not move for directed verdict at the conclusion of the evidentiary phase of
the trial.  Appellant argues trial
counsel should have done so because he raised several defenses during the
defensive phase of the trial and failure to move for a directed verdict was
prejudicial.  The possibility that a
directed verdict may have been granted is not sufficient to show that counsel=s failure
to make the motion constituted deficient performance that prejudiced
appellant.  See McGarity v. State,
5 S.W.3d 223, 229 (Tex. App.CSan
Antonio 1999, no pet.).  If failure to
make a motion for directed verdict is not prejudicial, we cannot conclude
appellant was harmed by trial counsel=s failure
to argue the motion he made at the conclusion of the State=s case.

Appellant argues trial counsel was ineffective
because he failed to ask appellant whether he had been filming during the
protest and, if so, where the videotape was. 
A videotape was not presented at trial. 
Dean Parker testified appellant was filming the protest.  The State questioned Wrider about the
videotape; she agreed that there was a videotape of the protest and stated that
appellant=s trial counsel had the
videotape.  Appellant claims he was
harmed because in its closing argument, the State questioned why the videotape
was not offered into evidence and played for the jury and suggested that the
absence of the videotape implied that the event transpired the way that Dean
Parker and Officer Farmer described and not as appellant and Wrider
recounted.  Neither the trial record nor
appellant=s brief on appeal indicate if the
videotape actually exists or what is on it.  
Therefore, appellant has not shown if or how he was harmed by his trial
counsel=s failure
to inquire about and produce the videotape. 








Appellant asserts trial counsel was ineffective
because he did not object to the jury-charge application paragraph on resisting
arrest, which charged the culpable mental state as Aintentionally
and knowing@ instead of just Aintentionally@ as
prescribed by the statute.  See Tex. Pen. Code Ann. '
38.03(a).  As discussed in issue three,
error in the jury charge, if any, was not harmful to appellant.  Therefore, appellant cannot show that the
result of the trial would have been different had trial counsel objected to the
charge.

Finally, appellant claims the accumulation of
trial counsel=s error amounted to a denial of
effective assistance of counsel.  Though
multiple errors might be found harmful in their cumulative effect, the
cumulative effect of issues not found to be error cannot constitute error.  Chamberlain v. State, 998 S.W.2d 230,
238 (Tex. Crim. App. 1999).  We conclude
appellant was not denied reasonably effective assistance of counsel.  Accordingly, we overrule appellant=s sixth
and twelfth issues.

Having overruled appellant=s twelve
issues on appeal, we affirm the judgment of the trial court.

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed July 12, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  In this issue,
appellant does not challenge the Aprevent
and obstruct@ language in the application paragraph, which also
conflicts with the statutory language and the abstract instruction.