**Leticia Mariaca RAMIREZ, Appellant,**

· **v.**

**The STATE of Texas.**

**No. 1464–01.**

Court of Criminal Appeals of Texas.

May 21, 2003.

Sten M. Langsjoen, Tyler, for appellant.

Jeffrey L. Van Horn, First Assist. St. Att., Matthew Paul, State's Attorney, Austin, for state.

### OPINION

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, J.J., joined.

The appellant was charged by complaint and information with misdemeanor theft. A jury found the appellant guilty and assessed her punishment at 180 days confinement, probated for two years, and a fine of $2000. The Twelfth Court of Appeals later reversed the conviction, holding that the correction of the appellant's name

in the complaint vitiated the complaint, thereby rendering invalid the information based upon said complaint and divesting the trial court of jurisdiction. *Ramirez v. State,* No. 12–00–00220–CR (Tex.App.-Tyler June 20, 2001) (not designated for publication). We disagree.

We granted the State's petition for discretionary review to determine whether an amendment to a complaint that underlies an information will operate to vitiate the complaint and divest the trial court of jurisdiction.[1]

In December of 1999, the appellant was arrested outside a Tyler grocery store and was accused of removing groceries from the store without paying. The appellant was charged by complaint and information with misdemeanor theft under the name Leticia Martinez Ramirez. The appellant appeared at the arraignment and her attorney advised the trial court that the name the appellant was charged under was in error. The appellant testified that she was Leticia Mariaca Ramirez, not Leticia Martinez Ramirez.

The State moved to amend the complaint and the information, and the appellant objected. The appellant filed a motion to dismiss the complaint based on the fact that her name was incorrectly set out. The trial court denied the motion to dismiss stating that, since the first and last name were correct, it would allow the State to amend. The State amended the complaint, and the case proceeded to trial.

The appellant was convicted by a jury of theft. The Court of Appeals reversed the judgment of the trial court and remanded the cause to the trial court with instructions to enter an order granting the appellant's motion to dismiss. *Ibid.*

Before 1985, this Court held that invalid complaints and informations constitute fundamental jurisdictional error, which may be raised for the first time on appeal. *Davis v. State,* 503 S.W.2d 241, 241 (Tex. Crim.App.1974); *Thomas v. State,* 474 S.W.2d 236, 236–37 (Tex.Crim.App.1971). Thus, under these holdings, an invalid complaint necessitated the reversal of a conviction because of a lack of trial court jurisdiction over the defendant's person. *Aguilar v. State,* 846 S.W.2d 318, 320 (Tex. Crim.App.1993).

■■■ As amended in 1985, Article 5, section 12(b) of the Texas Constitution provides, in part, that the presentment of an indictment or information vests the trial court with jurisdiction of the cause. Tex. Const. art. V, § 12(b). However, this constitutional provision does not apply to complaints. *Huynh v. State,* 901 S.W.2d 480, 481 (Tex.Crim.App.1995).

■■■ Now, under the explicit terms of the Constitution itself, the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint. *Aguilar,* 846 S.W.2d at 320. Defects in complaints are no longer jurisdictional in the traditional sense. *Ibid.*

In this case, the appellant informed the trial court that the name in the complaint and information were incorrect. The ap-

1. The grounds for review are:

    (1) After the 1985 constitutional amendment to Art. V, § 12(b), does the amendment or change of a complaint that underlies an information operate to vitiate the complaint and divest the trial court of jurisdiction?

    (2) Does a defect in a complaint that underlies an information constitute a defect in the information that is waived if not raised prior to trial?

pellant then filed a motion to dismiss only the complaint. The trial court overruled the motion and allowed the State to amend the complaint.

The State argues that under *Aguilar,* the amendment of a complaint no longer vitiates both the complaint and the information, thereby destroying the trial court's jurisdiction. The State's analysis is correct.

In *Aguilar,* one of the issues was whether a defendant can object to an information for the first time on appeal on the grounds that a conviction was based upon a defective complaint. *Aguilar v. State,* 846 S.W.2d 318, 318 (Tex.Crim.App.1993). This Court held that the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint. *Id.* at 320. Defects in complaints must now be raised before trial pursuant to the Code of Criminal Procedure article 27.03; they are no longer jurisdictional in the traditional sense. *Ibid.*

■ In this case, the appellant did not object to the information. If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity, and he may not raise the objection on appeal or in any other postconviction proceeding. *Studer v. State,* 799 S.W.2d 263, 266 (Tex.Crim.App.1990).

By not so objecting to the information prior to trial, the appellant waived any contention that the information was defective because it was based upon a defective underlying complaint. The judgment of the Court of Appeals is reversed and the case is remanded to that Court for resolution of the remaining points of error.

WOMACK, J., did not participate.