In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00189-CR


______________________________




RANDALL KEITH MORROW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 03-0044X




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Randall Keith Morrow attempts to appeal his conviction for aggravated kidnapping. See Tex.
Pen. Code Ann. § 20.04 (Vernon 2003). He pled guilty to the indictment on May 10, 2003, and a
jury imposed punishment at forty years' confinement. Because Morrow did not timely perfect his
appeal, we dismiss his appeal for want of jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). A criminal defendant's notice of appeal is timely if filed
within thirty days after the day sentence is imposed or suspended in open court, or within ninety days
after sentence is imposed or suspended if the defendant timely files a motion for new trial. Tex. R.
App. P. 26.2(a). The defendant may file a motion for new trial no later than thirty days after the date 
the trial court imposed or suspended sentence in open court. Tex. R. App. P. 21.4(a). In calculating
the time period available to Morrow, we begin counting on the day after the sentence is imposed or
suspended and exclude Saturdays, Sundays, and legal holidays. See Tex. R. App. P. 4.1. We include
the last day of the time period in our calculation unless it is a Saturday, Sunday, or legal holiday. 
See id. 

 Morrow's  sentence  was  imposed  on  April  16,  2003.  He  filed  a  motion  for  new  trial
on June 3, 2003, more than thirty days after the date his sentence was imposed, and filed a notice of
appeal on June 13, 2003. Morrow did not timely file a motion for new trial. Therefore, he needed
to file his notice of appeal within thirty days of the date his sentence was imposed. He did not do
so.

 A late notice of appeal will invoke a court of appeals' jurisdiction if (1) it is filed within
fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court
of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court
of appeals grants the motion for extension of time. Olivo, 918 S.W.2d at 522. Morrow's notice of
appeal was filed within fifteen days of May 28, 2003, the last day allowed for filing the notice. 
However, the record does not indicate Morrow moved for and received an extension of time to file
his notice of appeal.

 Therefore, we are without jurisdiction and dismiss Morrow's appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 18, 2003

Date Decided: September 19, 2003


Do Not Publish



nreasonable manner." Metro. Life Ins. Co. v. Syntek Fin.
Corp., 881 S.W.2d 319, 321 (Tex. 1994).

 Charleston has attached to his petition two copies of the indictment. Both bear typed
allegations stating:

 OFFENSE: ROBBERY

 STATUTE: TEXAS PENAL CODE 29.02

On the second copy, the word "Aggravated" has been handwritten next to "ROBBERY," and the last
numeral in "29.02" has been changed to read "29.03." Otherwise, the two copies are identical. Each
bears a stamp of the Cass County District Clerk. Both allege the offense of robbery, then allege three
prior felony convictions, and, finally, allege that Charleston "used and exhibited a deadly weapon,
to-wit: a wrench during the commission of the felony offenses [sic] set out in the first paragraph
hereof." 

 After jurisdiction vests in a trial court by the filing of an indictment, a defendant who fails
to object to any defect, error, or irregularity of form or substance in that indictment, waives and
forfeits the right to object to the defect, error, or irregularity; and the objection may not be raised on
appeal or in any other post-conviction proceeding. Ramirez v. State, 105 S.W.3d 628, 630 (Tex.
Crim. App. 2003); Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990); see also Ex parte
Smith, 178 S.W.3d 797, 803 (Tex. Crim. App. 2005). In order to complain of a defect of form or
substance in an indictment, a defendant must object to the defect at trial. Tex. Code Crim. Proc.
Ann. art. 1.14(b) (Vernon 2005).

 The indictment in this case put Charleston on notice that he was charged with the offense of
aggravated robbery, irrespective of whether that crime was listed in the document's style. The last
paragraph alleged the use and exhibition of a deadly weapon during the offense. An indictment is
sufficient if it accuses one of a crime with enough clarity and specificity to identify the penal statute
under which the State intends to prosecute. See Duron v. State, 956 S.W.2d 547, 550-51 (Tex.
Crim. App. 1997); Studer, 799 S.W.2d at 271. However, even if Charleston had a complaint about
the indictment, he was required to object before his trial began. 

 Charleston has failed to demonstrate that he is entitled to mandamus relief. We deny his
petition. 




 Bailey C. Moseley

 Justice


Date Submitted: August 13, 2007

Date Decided: August 14, 2007

1. This Court affirmed Charleston's conviction and sentence for armed robbery. Charleston
v. State, 33 S.W.3d 96 (Tex. App.--Texarkana 2000, pet. ref'd).
2. Although Charleston names Honorable Ralph Burgess, the current judge of the 5th Judicial
District, as Respondent, we point out that the trial judge at that time was actually Honorable Jack
Carter, now a member of this Court. In an abundance of caution, Justice Carter has recused himself
from this matter. 
3. See U.S. Const. amends. V, XIV.
4. Section 29.02 of the Texas Penal Code describes the offense of robbery; Section 29.03 of
the Texas Penal Code describes the offense of aggravated robbery. Tex. Penal Code Ann.
§§ 29.02, 29.03 (Vernon 2003).