NUMBER 13-04-306-CR 

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

JOSEPH MENDIOLA,                                                Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the 24th District Court

                           of Jackson County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Joseph
Mendiola, was indicted for manufacturing and possessing with intent to deliver
methamphetamine in the amount of four grams or more but less than 200
grams.  See Tex. Health & Safety Code Ann. ' 481.112(a),(d) (Vernon 2003) (providing that an
offense of intentionally and knowingly manufacturing, delivering or possessing
with intent to deliver methamphetamine, a controlled substance, in the amount
of four grams or more but less than 200 grams is a first degree felony).  Tried by the court, appellant was found
guilty and sentenced to sixty years in the Texas Department of Criminal
Justice, Institutional Division (TDCJ).  See
Tex. Pen. Code Ann. ' 12.32 (Vernon 2003) (specifying that a person
adjudged guilty of a first degree felony shall be punished by imprisonment for
life or any term of not more than ninety-nine years or less than five years and
not more than a $10,000 fine).

Concluding the
appeal is frivolous and without merit, appellant's counsel filed a brief in
which he presented two arguable grounds of error.  The trial court has certified that this case
"is not a plea-bargain case, and the defendant has the right of appeal."  See Tex.
R. App. P. 25.2(a)(2).  We affirm.

Because all
issues of law are settled, our memorandum opinion only advises the parties of
the Court's decision and the basic reasons for it.  See id. at 47.4.

I.  Compliance with Anders v. California








Appellant's
court-appointed counsel filed a brief in which he has concluded that there is
no reversible error reflected by the record. 
Anders v. California, 386 U.S. 738, 744 (1967).  Appellant's counsel's brief meets the
requirements of Anders.  Id.
at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
[Panel Op.] 1978).  In compliance with Anders,
counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all points which might arguably support an
appeal.  See Anders, 386 U.S. at
744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. 
Counsel certified the following to this Court:  (1) he has diligently searched the reporter's
record and clerk's record and has researched the law applicable to the facts
and points of error presented; (2) in his opinion, no reversible error is
reflected by the record; (3) he set forth all points which might arguably
support an appeal; (4) he forwarded a copy of the brief to appellant with a
letter informing him of the filing of the brief and his request to withdraw as
counsel; and (5) he informed appellant of his right to review the appellate
record and to file a pro se brief.  See
Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813.  After counsel forwarded the appellate record
to appellant, we received appellant's pro se brief asserting three issues for
our review.

II.  Ineffective Assistance of Counsel

As directed by Anders,
counsel raises ineffective assistance of counsel as a possible ground for our review.  Appellant contends counsel was ineffective
when he failed to object to the admission of exhibits that were subject to
appellant's motion to suppress.








The United States
Supreme Court and the Texas Court of Criminal Appeals have promulgated a
two-prong test to determine whether representation was so inadequate that it
violated a defendant=s Sixth Amendment right to counsel.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim.
App. 1986); De Pena v. State, 148 S.W.3d 461, 468-69 (Tex. App.BCorpus Christi 2004, no pet.).  To establish ineffective assistance of
counsel, appellant must show the following: 
(1) his attorney=s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his
attorney=s errors, the result of the proceeding would have
been different.  Strickland, 466
U.S. at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.BCorpus Christi 2000, pet. ref=d).

Following the
test for determining ineffective assistance of counsel as set forth in Strickland,
we conclude, from a review of the totality of representation, appellant has not
shown how his attorney=s representation fell below an objective standard of
reasonableness and has failed to show that there is a reasonable probability
that, but for his attorney=s errors, the result of the proceeding would have
been different.  Strickland, 466
U.S. at 687.  Moreover, in the
absence of evidence of counsel=s reasons for the
challenged conduct, we assume there was a strategic motivation for not
objecting to the admission of exhibits that were subject to appellant's motion
to suppress.[1]  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).








Finally, to
satisfy Strickland when the basis for the claim of ineffectiveness is
the admission of allegedly inadmissible evidence, appellant is required to make
a preliminary showing that the objection or motion to suppress the evidence would
have been granted.  Jackson v. State,
973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (providing that, in order to be
entitled to relief, a defendant is obligated to show that his suppression
motion would have been granted).  In this
case, the evidence reveals the following: 
(1) Nick Gerjes worked for the owner of the property; (2) Gerjes
observed activities in the barn that looked wrong to him and made him
suspicious, including appellant "boiling something on a propane
burner" and covering up a box when Gerjes arrived; (3) Gerjes called Bobby
Doelitsch, a deputy sheriff with the Jackson County Sheriff's Department, to
tell him what he had seen and observed; (4) Gerjes worked in the barn waiting
for the deputy to arrive and noticed that appellant and Greg Forbes "were
kind of nervous about [him] being out there"; (5) when Deputy Doelitsch
and a second deputy, Joe Garcia, arrived they observed activities that made
them suspicious; (6) in the course of his employment, Gerjes stopped at the
garage and picked up trash bags; (7) Gerjes found a propane burner, a Coleman
fuel can, some coffee filters, and a gallon jug containing a red-orange
substance in the trash bags; (8) Gerjes later delivered the trash bags to the
sheriff's office; and (9) based on the contents of the trash bags and
observations by Deputy Garcia, a search warrant was obtained and executed.  Appellant has not shown that an objection or
the motion to suppress the items seized in connection with the arrest[2]
would have been granted.  See id.








Based on our
review of the record, we agree with counsel that this ground presented for our
review is without merit.

III.  Uncorroborated Accomplice Testimony

Appellate counsel
also raises, as a possible ground for our review, the argument that the
evidence is insufficient to sustain appellant's conviction because the
testimony of Forbes, an accomplice witness, was uncorroborated.  The test for determination of whether or not
an accomplice witness's testimony is corroborated is to eliminate the
accomplice testimony from consideration and determine whether there is any
other incriminating evidence which tends to connect appellant with the
commission of the offense.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (en banc); Reed
v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988) (en banc); see Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005) (providing that a conviction cannot be had upon accomplice
testimony unless corroborated by other evidence tending to connect the
defendant with the offense committed, and corroboration is not sufficient if it
merely shows commission of the offense).








The
non-accomplice testimony in this case reveals that on January 4, 2004, Deputy
Garcia observed appellant in the barn near a small propane burner and a glass
pot that had a clear liquid boiling inside it. 
Forbes was with appellant.  As
Deputy Garcia walked up to the barn, he noticed both men walking quickly to the
front of the barn.  Deputy Garcia asked
appellant and Forbes what they were cooking. 
Forbes said that they were making a plaster mask for his mother's birthday.[3]  However, her birthday was several months
away.  The deputy also noticed a
five-gallon bucket, a plastic jug on the table, a funnel on top of the jug, and
a Rubbermaid box.  Appellant and Forbes
were very nervous, looking at each other before they answered any question, and
were sweating even though it was a cold day. 
Deputy Doelitsch testified similarly regarding what occurred at the
barn.

Based upon his
training and experience, Deputy Garcia felt that appellant and Forbes were
possibly in possession of components that were used in the manufacturing of
methamphetamine, including plastic jugs, a funnel on the jug, boiling water,
and a propane burner.  He knew from past
training and experience that these items were components used in the
manufacture of methamphetamine.  When
Deputy Garcia asked appellant if the hardener for the mask was inside the
Rubbermaid box, Forbes quickly told him no, and appellant grabbed the box and
began to walk out of the barn with it. 
Forbes said the box belonged to him, and he refused to give the deputy
his consent to search it.  Appellant
placed the box in a car and then drove to the carport of the residence.








Sergeant Gary
Shaw, a narcotics investigator with the Texas Department of Public Service,
examined the contents of a trash bag recovered from the premises.  He found numerous items in the bag including,
among other things, empty bottles of tincture of iodine.  Sergeant Shaw testified that all of the items
found in the bag are commonly or customarily used in the manufacturing and
cooking of methamphetamine through the red phosphorus procedure.  Deputy Doelitsch, however, testified that he
did not know who put the items in the trash bags or when it was done.  He did not observe appellant in control of
the trash bags.

Lloyd Boston, who
worked at Circle S Feed Store, testified that early in January 2004, appellant
purchased iodine tincture from his store. 
David Steffek, the owner of Jackson County Feed Store, also testified
that in early January 2004, appellant bought iodine tincture from him.

Eliminating the
accomplice testimony from consideration, we conclude that there is other
incriminating evidence which tends to connect appellant to the manufacture of
the methamphetamine.  See McDuff,
939 S.W.2d at 613; Reed, 744 S.W.2d at 126.  The testimony of the accomplice witness was
corroborated, and the evidence is sufficient to sustain appellant's
conviction.  Thus, we agree with counsel
that this ground presented for our review is without merit.

IV.  Pro Se Brief

Appellant filed a
pro se brief and, by three issues, complains of legal and factual insufficiency
to support his conviction and of the trial court's alleged failure to elicit
appellant's response to the court's allocution.

A.  Sufficiency of the Evidence

By his first and
second issues, appellant contends that the evidence was legally and factually
insufficient to establish elements of the charged offense.








1.  Standard of Review

In a legal
sufficiency review, this Court must examine the evidence presented in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense present beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim.
App. 2000).  In making this
determination, the reviewing court considers all the evidence admitted that
will sustain the conviction, including improperly admitted evidence.  Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001).  This standard is
applied to both direct and circumstantial cases.  See Sutherlin v. State, 682
S.W.2d 546, 548-49 (Tex. Crim. App. 1984) (en banc); Rosillo v. State,
953 S.W.2d 808, 814 (Tex. App.BCorpus Christi 1997, pet. ref=d).  Questions
concerning the credibility of witnesses and the weight to be given their
testimony are to be resolved by the trier of fact.  Mosley v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998) (en banc).  On
appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for
the case.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).








In reviewing the
factual sufficiency of the elements of the offense on which the State carries
the burden of proof, we impartially examine all of the evidence and set aside
the verdict only if Aproof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by the contrary proof.@  Swearingen
v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (en banc) (citing Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc)).  We are not bound to view the evidence in the
light most favorable to the verdict, and may consider the testimony of all the
witnesses.  Johnson, 23 S.W.3d at
10-12.  In our factual sufficiency
review, we again are required to accord due deference to the jury's
determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment.  Swearingen,
101 S.W.3d at 97; Johnson, 23 S.W.3d at 7; Mosley, 983 S.W.2d at
254.  We also measure the factual
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge for the case.  See Adi v. State, 94 S.W.3d 124, 131
(Tex. App.BCorpus Christi 2002, pet. ref'd).

2.  Aggregate Weight of Controlled Substance








Appellant first
complains that the evidence is insufficient to support a finding that the
aggregate weight of the controlled substance was four grams or more but less
than 200 grams, as charged in the indictment.[4]  See Tex.
Health & Safety Code Ann. ' 481.112(d) (Vernon 2003).  It is undisputed that the evidence
established that the controlled substance was well in excess of two hundred
grams, including adulterants and dilutants. 
This evidence would have supported a finding that appellant manufactured
a controlled substance with an aggregate weight of 200 grams or more but less
than 400 grams. See Tex. Health
& Safety Code Ann. ' 481.112(e)
(Vernon 2003).  However, the State chose
to pursue a conviction for the lesser amount, and the evidence was sufficient
to support appellant's conviction for manufacturing and possessing the lesser
amount of the controlled substance.[5]

3.  Affirmative Link

Appellant also
asserts that the evidence does not establish an affirmative link between
himself and the drug paraphernalia found in the trash.  See generally Poindexter v. State, 153
S.W.3d 402, 406 (Tex. Crim. App. 2005) (quoting Deshong v. State, 625
S.W.2d 327, 329 (Tex. Crim. App. 1981) ("when the accused is not in
exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances which
affirmatively link the accused to the contraband")).  Appellant alleges he was simply an overnight
guest at the residence where the trash was found, and because two of the three
residents of the house had prior drug convictions, they should be affirmatively
linked to the drugs, not appellant.








To prove the
offense of unlawful manufacture of a controlled substance, the State must prove
that the person knowingly manufactures, delivers, or possesses a controlled
substance with intent to deliver.  See
Tex. Health & Safety Code Ann.
' 481.112(a)
(Vernon 2003).  The indictment charged
appellant with intentionally and knowingly manufacturing and possessing
methamphetamine with intent to deliver. 
We construe appellant's argument as one challenging proof that he
knowingly manufactured and possessed the methamphetamine.[6]

Reviewing the
evidence in the light most favorable to the verdict, see Jackson, 443
U.S. at 319, we conclude that the jury, acting as a rational trier of facts,
could have found beyond a reasonable doubt that there was an affirmative link
between appellant and the drug paraphernalia, thereby establishing appellant
knowingly manufactured and possessed methamphetamine.  Poindexter, 153 S.W.3d at 406.  Thus, the evidence is legally sufficient to
support appellant=s conviction. 
Moreover, after reviewing all the evidence, we conclude that the proof
of guilt is not so obviously weak as to undermine confidence in the jury=s determination nor is the proof of guilt greatly
outweighed by contrary evidence.  See
Swearingen, 101 S.W.3d at 97.  We
conclude the evidence is also factually sufficient to support appellant=s conviction. 
Accordingly, appellant=s first and second issues are overruled.

 








B.  Right of Allocution

By appellant's
third issue, appellant complains that he was denied his right of allocution.  See Tex.
Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2004-05) (establishing a
defendant's right to allocution). 
Appellant asserts that when the trial court asked, "Do you know of
any legal reason why sentence should not be pronounced at this time?" it
did not allow appellant time to respond.

First, we note
that an objection to the denial of allocution is a prerequisite to an appellate
complaint.  See Tenon v. State,
563 S.W.2d 622, 623 (Tex. Crim. App. [Panel Op.] 1978).  Appellant did not object, and, thus, has
waived any error.  See id.  Moreover, even assuming appellant did not
waive error, he has not shown any harm arising from the alleged denial of his
right to allocution.  Appellant does not
contend that any of the statutory reasons set out in article 42.07 to prevent
the pronouncement of sentence existed in his case.  See Tex.
Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2004-05) (setting out
pardon, incompetency, and/or  mistaken
identity as reasons to prevent pronouncement of sentence).  Appellant urges only that he "would have
stated that he was not connected to the drugs in any way, no drugs were found
on his person, nor was he ever in control or possession of any drugs."  We therefore overrule appellant's third issue.

V.  Independent Review of Record








The Supreme Court
advised appellate courts that upon receiving a Afrivolous
appeal@ brief, they must conduct Aa full examination of all the proceeding[s] to
decide whether the case is wholly frivolous.@  Penson v. Ohio, 488 U.S. 75, 80
(1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.BCorpus Christi 2003, no pet.).  Accordingly, we have carefully reviewed the
record and have found nothing that would arguably support an appeal.  See Stafford, 813 S.W.2d at 509.  We agree with counsel that the appeal is
wholly frivolous and conclude the
appeal is without merit.

VI.  Conclusion

The judgment of the trial court
is affirmed.  Additionally, in accordance
with Anders, appellant's attorney has asked permission to withdraw as
counsel for appellant.  See Anders,
386 U.S. at 744.  We grant counsel's
motion to withdraw.  We order counsel to
notify appellant of the disposition of this appeal and of the availability of
discretionary review.  See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).                                                                                     

NELDA
V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 27th day of
October, 2005.

 











[1]We note that although appellant=s attempt at a direct appeal has
been unsuccessful, he is not without a potential remedy.  Challenges requiring development of a record
to substantiate a claim such as ineffective assistance of counsel may be raised
in an application for writ of habeas corpus. 
See Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon 2005); Cooper v. State, 45 S.W.3d 77, 82
(Tex. Crim. App. 2001); Ex parte Torres, 943 S.W.2d 469, 476 (Tex. Crim.
App. 1997).  An application for writ of
habeas corpus relief would "provide an opportunity to conduct a dedicated
hearing to consider the facts, circumstances, and rationale behind counsel's
actions at . . . trial."  Thompson
v. State, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).





[2]Appellant's motion to suppress,
filed in different cause numbers and ordered carried over to this underlying
cause, does not appear in the record. 
However, when appellant's motion to suppress was heard, appellant's
trial counsel urged that "the items seized in connection with the arrest
at least as to [appellant] should be suppressed."





[3]Gerjes testified that appellant
said they were making a mask of Forbes's face for Forbes to wear on his
mother's birthday.





[4]After the charge was read into the
record, the trial court advised appellant that he was charged with a first
degree felony carrying a range of punishment of imprisonment in the TDCJ for
life or for any term of not more than ninety-nine years or less than five years
and a fine not to exceed $10,000.  See
Tex. Pen. Code Ann. ' 12.32 (Vernon 2003).  Appellant then pleaded guilty.





[5]To the extent appellant is
complaining that the indictment is fatally defective because it alleged a
different offense than the one for which he was convicted, appellant did not
object to the indictment before the trial began.

 

If the defendant does not object to
a defect, error, or irregularity of form or substance in an indictment or
information before the date on which the trial on the merits commences, he
waives and forfeits the right to object to the defect, error, or irregularity,
and he may not raise the objection on appeal or in any other postconviction
proceeding.

 

Ramirez v. State, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003) (citing Studer
v. State, 799 S.W.2d 263, 266 (Tex. Crim. App. 1990)).  Therefore, appellant has waived this
argument, if any, on appeal.

 





[6]Appellant also asserts that the
evidence is insufficient to support his conviction because the accomplice's
testimony was not corroborated.  We have
already concluded that this argument is without merit.  See McDuff v. State, 939
S.W.2d 607, 613 (Tex. Crim. App. 1997); Reed v. State, 744 S.W.2d 112,
126 (Tex. Crim. App. 1988).