In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00094-CV


______________________________




IN RE: JOHN WAYNE CHARLESTON








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Moseley and Cornelius,* JJ.


Memorandum Opinion by Justice Moseley








___________________


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION



 John Wayne Charleston (1) petitions this Court for a writ of mandamus, claiming that the trial
court erroneously interlined the word "aggravated" next to "robbery" on Charleston's 1999
indictment from Cass County. (2) Specifically, Charleston would have us direct the trial court to issue
a declaratory judgment wherein that court would declare its actions to have violated Charleston's Due
Process and Equal Protection (3) rights. Charleston claims he suffered such constitutional deprivations
when the trial court made the above-mentioned interlineation on the indictment, as well as changing
the Texas Penal Code citation to read "TEXAS PENAL CODE 29.03," rather than 29.02. (4) Because
we find that Charleston has failed to state a case where mandamus is appropriate, we dismiss this
petition without deciding whether an order from this Court directing the entry of a declaratory
judgment of the type which Charleston seeks is a remedy available to him.

 "[M]andamus is a drastic remedy, to be invoked only in extraordinary situations." State
ex rel. Hill v. Pirtle, 887 S.W.2d 921, 926 (Tex. Crim. App. 1994). To permit the issuance of such
writs in less than extraordinary situations "would encourage piecemeal litigation and frustrate the
efficient administration of justice." Id. (quoting State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57
(Tex. Crim. App. 1992) (orig. proceeding)). Mandamus will issue only when the mandamus record
establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the
absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994);
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). An abuse of discretion occurs only when
the record affirmatively shows the trial court "acted without reference to any guiding rules or
principles, or acted in an arbitrary or unreasonable manner." Metro. Life Ins. Co. v. Syntek Fin.
Corp., 881 S.W.2d 319, 321 (Tex. 1994).

 Charleston has attached to his petition two copies of the indictment. Both bear typed
allegations stating:

 OFFENSE: ROBBERY

 STATUTE: TEXAS PENAL CODE 29.02

On the second copy, the word "Aggravated" has been handwritten next to "ROBBERY," and the last
numeral in "29.02" has been changed to read "29.03." Otherwise, the two copies are identical. Each
bears a stamp of the Cass County District Clerk. Both allege the offense of robbery, then allege three
prior felony convictions, and, finally, allege that Charleston "used and exhibited a deadly weapon,
to-wit: a wrench during the commission of the felony offenses [sic] set out in the first paragraph
hereof." 

 After jurisdiction vests in a trial court by the filing of an indictment, a defendant who fails
to object to any defect, error, or irregularity of form or substance in that indictment, waives and
forfeits the right to object to the defect, error, or irregularity; and the objection may not be raised on
appeal or in any other post-conviction proceeding. Ramirez v. State, 105 S.W.3d 628, 630 (Tex.
Crim. App. 2003); Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990); see also Ex parte
Smith, 178 S.W.3d 797, 803 (Tex. Crim. App. 2005). In order to complain of a defect of form or
substance in an indictment, a defendant must object to the defect at trial. Tex. Code Crim. Proc.
Ann. art. 1.14(b) (Vernon 2005).

 The indictment in this case put Charleston on notice that he was charged with the offense of
aggravated robbery, irrespective of whether that crime was listed in the document's style. The last
paragraph alleged the use and exhibition of a deadly weapon during the offense. An indictment is
sufficient if it accuses one of a crime with enough clarity and specificity to identify the penal statute
under which the State intends to prosecute. See Duron v. State, 956 S.W.2d 547, 550-51 (Tex.
Crim. App. 1997); Studer, 799 S.W.2d at 271. However, even if Charleston had a complaint about
the indictment, he was required to object before his trial began. 

 Charleston has failed to demonstrate that he is entitled to mandamus relief. We deny his
petition. 




 Bailey C. Moseley

 Justice


Date Submitted: August 13, 2007

Date Decided: August 14, 2007

1. This Court affirmed Charleston's conviction and sentence for armed robbery. Charleston
v. State, 33 S.W.3d 96 (Tex. App.--Texarkana 2000, pet. ref'd).
2. Although Charleston names Honorable Ralph Burgess, the current judge of the 5th Judicial
District, as Respondent, we point out that the trial judge at that time was actually Honorable Jack
Carter, now a member of this Court. In an abundance of caution, Justice Carter has recused himself
from this matter. 
3. See U.S. Const. amends. V, XIV.
4. Section 29.02 of the Texas Penal Code describes the offense of robbery; Section 29.03 of
the Texas Penal Code describes the offense of aggravated robbery. Tex. Penal Code Ann.
§§ 29.02, 29.03 (Vernon 2003).


cause an inmate has no
justifiable expectation of privacy in a storage container located within a prison cell, it follows that
Dunn cannot successfully argue prison officials violated his Fourth Amendment privacy interests by
searching his prison cell. Cf. Busby v. Dretke, 359 F.3d 708, 715-16 (5th Cir. 2004) (citing Stroud
v. United States, 251 U.S. 15 (1919), for proposition that jailers may read inmates' private mail
without violating Fourth Amendment); Monroe v. Beard, No. 05-04937, 2007 U.S. Dist. LEXIS
16943, at *30 (E.D. Pa. Mar. 8, 2007) (inmates cannot claim any violation of Fourth Amendment
rights because inmates lost their legitimate expectation of privacy in prison cells on conviction);
Soria v. State, 933 S.W.2d 46, 59-60 (Tex. Crim. App. 1996) ("It was not unreasonable for jail
officials to conclude [inmate's] drawing at issue disserved legitimate institutional interests."). Thus,
Dunn cannot successfully maintain a cause of action against prison officials for conduct that turns
on his claim of a reasonable expectation of privacy in the contents of his prison cell, or any storage
container located therein.

 In summary, Dunn's civil petition did not advance a valid cause of action against the
defendants.  The  trial  court's  order  of  dismissal  reflects  the  lower  court  properly  recognized 











this principle in law and fact. Accordingly, we overrule Dunn's appellate issues and affirm the trial
court's judgment. (2)




 Jack Carter

 Justice


Date Submitted: December 5, 2007

Date Decided: January 11, 2008
1. Dunn attached to his appellate brief a document titled "Offender Instructions for Subsequent
Storage Review." Dunn contends these documents outline a policy issued by the warden of his
former prison, a policy that affords him greater protection against an illegal search and seizure than
might otherwise be provided by the Fourth Amendment. These "Offender Instructions" were not
made part of the record of the proceedings below and may not be considered by this Court on appeal. 
Fox v. Wardy, 234 S.W.3d 30, 33 (Tex. App.--El Paso 2007, pet. dism'd w.o.j.) (citing Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.--Houston [14th Dist.] 2002, no pet.); Perry v. Kroger
Stores, Store No. 119, 741 S.W.2d 533, 534 (Tex. App.--Dallas 1987, no writ)). Additionally, even
if we were to assume such documents to be authentic, they do not purport to outline any official
policy adopted by the Texas Department of Criminal Justice that would entitle inmates to a greater
degree of protection from search and seizure by prison officials than that already afforded by the
Fourth Amendment.
2. Our opinion today should not be read to espouse the view that inmates have no constitutional
interest in their legal correspondence materials. Such an assertion is affirmatively refuted by our
Fourteenth Amendment's jurisprudence as it relates to an inmate's constitutional right to access the
courts, as guaranteed by the First and Fifth Amendments, and made applicable to the states by the
Fourteenth Amendment. See Bieregu v. Reno, 59 F.3d 1445, 1453-454 (3d Cir. 1995). If state
prison officials maintain a constant practice of searching and destroying an inmate's legal materials,
such conduct might be actionable as a denial of the prisoner's right to reasonable access to the courts. 
Gill v. Neaves, No. SA-82-CA-583, 1986 U.S. Dist. LEXIS 21879, at *13-14 (W.D. Tex. Aug. 5,
1986). However, a single search of an inmate's legal materials and the destruction of some of those
materials would generally not violate a prisoner's right to court access. Id. Regardless, Dunn does
not assert that the single search of his storage compartment, which he alleges contained legal
material, constituted part of a larger pattern of conduct or that he has somehow been denied
reasonable access to the courts.