COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



IN RE: CHESTER D. MILLER,


 Relator. 


 §


 


§


 


§


 


§


 


§


 


 § 



No. 08-10-00296-CR


 

AN ORIGINAL PROCEEDING IN


MANDAMUS








MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Chester D. Miller seeks a writ of mandamus to compel the trial court to rule on his motion
to set aside and vacate a void judgment. For the reasons that follow, the petition for a writ of
mandamus will be denied.

 In the motion to set aside and vacate a void judgment, Miller asserts that the June 27, 2008
judgment sentencing him to ninety days in the county jail is void because of defects in the complaint
supporting the information. See Tex. Code Crim. Proc. Ann. art. 21.22 (Vernon 2009). Miller
claims that he filed the motion to set aside on May 20, 2010. On August 15, he sent a letter to the
trial court, complaining about the court's failure to rule on the motion and stating his intention to
seek mandamus relief if the court did not rule within twenty days.

 To obtain mandamus relief, Miller must demonstrate that he does not have an adequate
remedy at law and that the act he seeks to compel is ministerial. State ex rel. Young v. Sixth Judicial
Dist. Court of Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). In his mandamus petition,
Miller contends that the trial court has a ministerial duty to rule on his motion to set aside. He cites
three Texarkana cases, each of which holds that trial courts have a ministerial duty to rule on motions
that are properly filed and pending before them. See, e.g., In re Shaw, 175 S.W.3d 901, 904 (Tex.
App. - Texarkana 2005, orig. proceeding). However, the Texarkana court has also held that a trial
court "does not have a duty to rule on free-floating motions unrelated to currently pending actions. 
In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an
associated case." In re Cash, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App. - Texarkana
Apr. 13, 2004, orig. proceeding) (mem. op.).

 Miller is attacking a judgment that was entered more than two years ago. Therefore, the case
is no longer pending before the trial court. It is true that a judgment that is void for lack of
jurisdiction is a nullity that can be attacked at any time. See Nix v. State, 65 S.W.3d 664, 667-68
(Tex. Crim. App. 2001). But a defect in a complaint is not jurisdictional and does not render the
information or the resulting judgment void. See Ramirez v. State, 105 S.W.3d 628, 629 (Tex. Crim.
App. 2003) ("[T]he mere presentment of an information to a trial court invests that court with
jurisdiction over the person of the defendant, regardless of any defect that might exist in the
underlying complaint.").

 Because Miller's conviction is final and the issues raised in his motion are not jurisdictional,
the trial court did not violate a ministerial duty by failing to rule on the motion. Accordingly, the
petition for a writ of mandamus is denied.


 GUADALUPE RIVERA, Justice

November 10, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)