COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| --- | --- | --- |
| IN RE: CHESTER D. MILLER, | § | |
| Relator. | § | No. 08-10-00296-CR |
| | § | AN ORIGINAL PROCEEDING IN |
| | § | MANDAMUS |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS</u>**

Chester D. Miller seeks a writ of mandamus to compel the trial court to rule on his motion to set aside and vacate a void judgment. For the reasons that follow, the petition for a writ of mandamus will be denied.

In the motion to set aside and vacate a void judgment, Miller asserts that the June 27, 2008 judgment sentencing him to ninety days in the county jail is void because of defects in the complaint supporting the information. *See* TEX. CODE CRIM. PROC. ANN. art. 21.22 (Vernon 2009). Miller claims that he filed the motion to set aside on May 20, 2010. On August 15, he sent a letter to the trial court, complaining about the court's failure to rule on the motion and stating his intention to seek mandamus relief if the court did not rule within twenty days.

To obtain mandamus relief, Miller must demonstrate that he does not have an adequate remedy at law and that the act he seeks to compel is ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). In his mandamus petition, Miller contends that the trial court has a ministerial duty to rule on his motion to set aside. He cites three Texarkana cases, each of which holds that trial courts have a ministerial duty to rule on motions

that are properly filed and pending before them. *See, e.g., In re Shaw*, 175 S.W.3d 901, 904 (Tex. App. – Texarkana 2005, orig. proceeding). However, the Texarkana court has also held that a trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App. – Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.).

Miller is attacking a judgment that was entered more than two years ago. Therefore, the case is no longer pending before the trial court. It is true that a judgment that is void for lack of jurisdiction is a nullity that can be attacked at any time. *See Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). But a defect in a complaint is not jurisdictional and does not render the information or the resulting judgment void. *See Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003) ("[T]he mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint.").

Because Miller's conviction is final and the issues raised in his motion are not jurisdictional, the trial court did not violate a ministerial duty by failing to rule on the motion. Accordingly, the petition for a writ of mandamus is denied.


GUADALUPE RIVERA, Justice

November 10, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)