

# NUMBER 13-14-00444-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VICTOR HAMILTON,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

## On appeal from the 361st District Court
## of Brazos County, Texas.

# MEMORANDUM OPINION

## Before Justices Benavides, Perkes and Longoria
## Memorandum Opinion by Justice Perkes

Appellant Victor Hamilton appeals his conviction of sexual assault of a child, a

second degree felony that was enhanced by the habitual offender statute.[1]  *See* TEX.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

PENAL CODE ANN. § 22.011(a)(2) (West, Westlaw through 2013 3d C.S.). A jury found appellant guilty of the charge of sexual assault of a child, found the enhancements to be true, and assessed punishment at seventy five years' incarceration. Appellant represents himself on appeal and has failed to file a brief. We have reviewed the record for unassigned fundamental error and have found none. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant's indictment alleges, in relevant part, that appellant:

> "on or about April 01, 2007, did then and there intentionally or knowingly cause the penetration of the sexual organ of B.S., a child who was then and there younger than 17 years of age and not the spouse of the defendant, by the defendant's sexual organ,
> . . . .
>
> On the 3rd day of September, 1997, in Cause No. 8700 in the 155th District Court of Walter County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Substance,
> . . . .
>
> After the conviction in cause number 8700 was final, the defendant committed the felony offense of Delivery of a Controlled Substance, and was convicted on the 2nd day of August, 2000, in Cause No. 13217 in the 21st District Court of Washington County, Texas."

## II. APPELLATE HISTORY

Appellant appealed his conviction pro se and filed a motion requesting court appointed counsel. This Court abated the appeal and remanded to the trial court for determination regarding whether appellant is indigent and entitled to court-appointed representation and to a free trial record. After a hearing, the trial court found that appellant is not indigent and entered findings of fact and conclusions of law supporting its ruling. Appellant then appealed the trial court's ruling on the indigence issue which this Court affirmed in an unpublished opinion. *See Hamilton v. State*, No. 13-13-00071-CR,

2014 WL 3888251 (Tex. App.—Corpus Christi Aug. 7, 2014, no pet.) (mem. op., not designated for publication). In that opinion, we severed appellant's criminal conviction appeal from his indigence appeal, and instructed appellant to pay for, or make arrangements to pay for, the reporter's record of his criminal conviction appeal within thirty days. Despite ample opportunity to do so, appellant failed to pay for or make any arrangements to obtain the reporter's records.

After the deadline passed, the Clerk of this Court notified appellant that his brief was due within thirty days and if appellant failed to file a brief, this Court will consider his appeal on the clerk's record alone. *See* TEX. R. APP. P. 37.3(c). After appellant failed to file a brief, the appeal was submitted on the clerk's record.

## III. FUNDAMENTAL ERROR

### A. Applicable Law

The Court of Criminal Appeals has identified three general categories of errors which are considered "fundamental": (1) the denial of absolute, systemic requirements; (2) the violation of rights which are waivable only; and (3) errors recognized by the legislature as fundamental. *See Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). In *Saldano*, the Court further enumerated the following as being specific types of fundamental error:

- absence of jurisdiction over the person of the defendant;

- absence of subject-matter jurisdiction;

- prosecution under an ex post facto law;

- denial of the right to counsel;

- denial of the right to a jury trial;

3

- denial of 10 days' preparation before trial for appointed counsel;

- holding trials at a location other than the county seat;

- comments by a trial judge which taint the presumption of innocence; and

- jury charge errors resulting in egregious harm.

*See Saldano*, 70 S.W.3d at 887–89. We will review the clerk's record to determine whether any of these errors occurred in this case.

### B. Analysis

The presentment of an indictment gives the trial court jurisdiction over the defendant. *Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003). District courts have subject-matter jurisdiction over felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05 (West, Westlaw through 2013 3d C.S.). The indictment in this case charges appellant with a felony, giving the district court jurisdiction over appellant. *See Ramirez*, 105 S.W.3d at 629.

The statute used to prosecute appellant was enacted in 1983. See Act of May 12, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5312-13 (amended 2009) (current version at TEX. PEN. CODE ANN. §22.011(a)(2) (West, Westlaw through 2013 3d C.S.)). Because appellant committed the offense in 2007, he has not been prosecuted under an *ex post facto* law.

Appellant was represented by counsel during his trial. Additionally, appellant is not indigent and has had ample opportunity to hire his own counsel. Therefore, his right to counsel has not been violated.

A jury assessed guilt-innocence and punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 2(b). As such, appellant was not denied the right to a jury trial.

4

Because appellant did not have appointed counsel, the ten-day preparation time required by article 1.051(e) does not apply. *See id.* art 1.051(a). Moreover, appellant's trial counsel had over three years to prepare for trial.

Appellant was tried in the 361st District Court, in Bryan, Texas, the county seat of Brazos County.

Without the reporter's record we are unable to determine whether the trial judge made any comments that could have tainted appellant's presumption of innocence. The clerk's record does not include any document that shows any such conduct.

Fundamental error in the jury charge is error that is so egregious and causes such harm as to deprive the accused of a fair and impartial trial. *See Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (en banc). We have reviewed the jury charge and conclude that it is substantially correct.

## IV. CONCLUSION

Having reviewed the clerk's record for unassigned fundamental error and finding none, we affirm the judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of February, 2015.

5