# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00126-CR

---

**Joshua Frank, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C17-02362,
### THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Joshua Frank was charged by information with assault causing bodily injury, a Class A misdemeanor. *See* Tex. Penal Code § 22.01(a)(1), (b). After a bench trial, the trial court found appellant guilty and assessed his punishment at 216 days' confinement in the county jail. *See id.* § 12.21. In a single point of error on appeal, appellant contends that the charging instrument was defective. For the following reason, we affirm the trial court's judgment of conviction.

## DISCUSSION

Tracking the language of the assault statute, the information in this case alleged that appellant "did then and there intentionally, knowingly and recklessly cause bodily injury to [the victim] by striking him on and about the head and face and body." *See id.* § 22.01(a)(1).

Appellant complains that the information failed to comply with article 21.15 of the Code of Criminal Procedure because it failed to allege, with reasonable certainty, the manner and means by which appellant recklessly committed the assault. *See* Tex. Code Crim. Proc. art. 21.15 (requiring that charging instrument "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness" "in order to be sufficient").

However, appellant did not file a motion to quash the information, object to the information, nor raise any claim that the information was defective. "If the defendant does not object to a defect, error, or irregularity of form or substance in an . . . information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." *Id.* art. 1.14(b); *see Jenkins v. State*, — S.W.3d —, No. PD-0086-18, 2018 WL 6332219, at *6 (Tex. Crim. App. Dec. 5, 2018); *Ramirez v. State*, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003); *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990).

Because appellant failed to make any pretrial objection to the information, he waived and forfeited any contention that the information is defective because it failed to comply with article 21.15. *See* Tex. Code Crim. Proc. art. 1.14(b). Accordingly, we overrule appellant's sole point of error.

## CONCLUSION

Having concluded that appellant procedurally defaulted on his complaint about the information, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 30, 2019

Do Not Publish