**J.W. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–230 CR.**

Court of Appeals of Texas, Beaumont.

June 25, 1986.

Jerry D. Conner, Houston, for appellant.

Lynn Martin, Conroe, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted on two counts of Aggravated Robbery with an enhancement count. A jury found him guilty of both counts, and after finding the enhancement count "true", assessed punishment at thirty years confinement in the Texas Department of Corrections. Appellant brings a single ground of error.

Appellant alleges the indictment is fundamentally defective for failing to allege the necessary element of "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death". The indictment, in pertinent part states:

"... J.W. Smith hereinafter styled Defendant, on or

about the 22nd day of April A.D.1985, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place Jeffrey Thomas in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm

And the Grand Jury aforesaid further presents in and to said Court at the said term that on or about the 22nd day of April 1985, in Montgomery County, Texas, J.W. Smith, hereinafter styled Defendant, did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place Michael Rogers in fear of imminent bodily injury and death, and the defendant did then

and there use and exhibit a deadly weapon, to-wit: a firearm; ...."

The essence of appellant's argument is the phrase "intentionally and knowingly" as it is placed in the two counts of the indictment is improperly directed at the element of "while in the course of committing theft" and not at the element of "threatens or places another in fear of imminent bodily injury or death". Appellant relies primarily upon *Ex Parte Santellana*, 606 S.W.2d 331 (Tex.Crim.App.1980). This, however, was a case where the "intentionally or knowingly" was completely omitted.

A close examination of both counts of the indictment reveals a slight difference. Count two contains a comma after "knowingly" and before "threaten". Therefore, the entire phrase contained therein is an independent phrase and, in a manner of speaking, parenthetical. Therefore, in count two, "intentionally and knowingly" appears, grammatically speaking, directly before and directly modifies "threaten". Clearly then, the state has alleged the requisite culpable mental state and directed it towards the correct element.

Count one, however, does not contain a comma after "knowingly". Does this typographical or grammatical error dictate a different result? We hold not. Even without the comma, the "while in the course...." phrase is still an independent phrase and "intentionally and knowingly" modifies "threaten".

The indictment is not fundamentally defective. The ground of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.