**Billy Don KINDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. B14–93–00269–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1994.

Billy Don Kindley, pro se.

Dan McCrory, Houston, for appellee.

Before SEARS, LEE and JUNNELL, (Sitting by Assignment).

## OPINION

SEARS, Justice.

Appellant was charged with the offense of displaying an expired license plate. A trial was held in a court of no record. Following his conviction, Appellant appealed the case to a court of record for a trial de novo. A jury found Appellant guilty, and assessed punishment at a two hundred dollar ($200.00) fine. Appellant then filed this appeal pro se, claiming that he was denied due process. We affirm the trial court's judgment.

In his first point of error, Appellant claims that he was denied due process because the proceedings were conducted with a defective complaint. In this case, we are concerned with a complaint used as a misdemeanor charging instrument. *See,* TEX.CODE CRIM.PROC.ANN. arts. 15.04 & 15.05 (Vernon 1977) and TEX.CODE CRIM.PROC.ANN. arts. 45.-01, 45.16 & 45.17 (Vernon 1977) & (Vernon Supp.1994). The purpose of such a "complaint" is to apprise the accused of the facts surrounding the offense with which he is charged so that he may prepare a defense.

*Chapa v. State,* 420 S.W.2d 943, 944 (Tex. Crim.App.1967); *Vallejo v. State,* 408 S.W.2d 113 (Tex.Crim.App.1966); and *Rose v. State,* 799 S.W.2d 381, 384 (Tex.App.—Dallas 1990, no pet). The particularity in pleading that is required for an indictment or an information is not required for a complaint, and a complaint will not be dismissed due to a mere informality. *Vallejo* at 114. A complaint is sufficient if it "meets the substantial requisites" of TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977). *Chapa* at 944; *Smith v. State,* 811 S.W.2d 665, 668 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); and *Rose* at 384.

Article 15.05 provides that a complaint shall be sufficient, without regard to form, if it:

(1) states the name of the accused, if known, and if not known, gives some reasonably definite description of him;

(2) shows that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense;

(3) states the time and place of the commission of the offense, as definitely as can be done by the affiant; and

(4) is signed by the affiant by writing his name or affixing his mark.

The complaint is this case reads, in pertinent part:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

CASE NO. 00745276

Before the Undersigned Authority on this day personally appeared DEBRA D TORRES who being by me duly sworn, deposes and says that he has reason to believe and does believe that BILLY DON KINDLEY on or about the 10th day of September, 1992 and before the filing of this complaint, in the County of Harris and the State of Texas, in Justice Precinct No. 1, did then and there unlawfully while operating a motor vehicle without having attached thereto and displayed on the rear thereof, a license number plate, which has been validated by the attachment of a sym-bol for the current registration period, contrary to law and against the peace and dignity of the State.

The complaint was signed by affiant, Debra D. Torres, and signed by a Notary Public and a Justice of the Peace of Precinct No. 1.

 The complaint is valid on its face. It is Appellant's burden to prove that the complaint is defective. *Bagsby v. State,* 721 S.W.2d 567, 569 (Tex.App.—Fort Worth 1986, no pet), and *Perez v. State,* 765 S.W.2d 885, 886 (Tex.App.—San Antonio 1989, no pet). Appellant claims that the complaint is defective in five different ways:

(1) The complaint is invalid because it lacks the court seal. However, a seal of the Justice of the Peace is not required. TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977). See also, *Gano v. State,* 466 S.W.2d 730, 733 (Tex.Crim.App.1971); and *Ex parte Renfro,* 171 Tex.Crim. 454, 350 S.W.2d 655, 657 (1961);

(2) The complaint is invalid because it does not bear a notary seal. Again, no seal is required. TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977);

(3) The complaint is invalid because it is not verified. Wrong Again! This complaint was signed by the affiant, and witnessed and signed by the notary public and the judge;

(4) The complaint is defective because it failed to notify Appellant of the charges against him. We hold that the complaint is clear, concise, and would notify anyone of reasonable intelligence of the nature of the charge; and

(5) The trial court lacked jurisdiction. Alas, Appellant failed to cite this Court any authority for this novel argument, therefore, it is waived. *McFarland v. State,* 845 S.W.2d 824, 848–849 (Tex.Crim. App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

 For all of Appellant's remaining points of error, there is no citation to the record, no argument, no authority and no statement of facts. Without a statement of facts, this Court cannot determine whether the trial court erred. *Ford v. State,* 848 S.W.2d 776 (Tex.App.—Houston [14th Dist.]

1993, no pet). Appellant contends that "not being an attorney or having any formal legal training, Appellant is not aware of other rights inadvertently waived, but is sure there were several because the trial judge did not inform him of *any*." By not informing him of these other rights, Appellant contends that the trial court "probably committed further errors." Although Appellant has proceeded pro se both at trial and on appeal, Appellant is not entitled to "special treatment." "Pro se litigants are held to the same standards as licensed attorneys." *Brown v. Texas Employment Commission,* 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Therefore, Appellant, like any appellant represented by counsel, must present specific points of error to this court, which are supported by argument, authority and the record. See, TEX.R.APP.P. 74; *Castillo v. State,* 810 S.W.2d 180 (Tex.Crim.App.1990); *Pierce v. State,* 777 S.W.2d 399 (Tex.Crim. App.1989), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990); and *Siegel v. State,* 814 S.W.2d 404 (Tex.App.— Houston [14th Dist.] 1991, pet ref'd). Appellant has failed to do so. Therefore, Appellant's fifth point of error is overruled.

Once again, a pro se litigant has proven the wisdom of the old adage "one who represents himself has a fool for a client." The judgment of the trial court is in all things affirmed.