COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 DIANA MAE SIMS,
  
                             Appellant,
  
 v.
  
 DONALD L. SIMS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00038-CV
  
 Appeal from the
  
 255th District Court
  
 of Dallas County, Texas 
  
 (TC# DF98-12328-S) 
  
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


OPINION ON MOTION

 

Appellee=s motion of September 23, 2002
requests that this Court of Appeals deem all of appellant=s issues waived for violating Texas
Rules of Appellate Procedure 38.1(h), and requests that we render judgment for
appellee.  We deny the motion.








Appellee=s motion claims that appellant=s request, contained in her pro se
brief, not  be held to the level of Atechnical excellence to which
practicing attorneys are held@ makes it inappropriate for our review.  Citing Brown v. Texas Employment Comm=n, 801 S.W.2d 5, 8 (Tex. App.--Houston [14th Dist.]
1990, writ denied), and Kindley v. State, 879 S.W.2d 261, 264 (Tex.
App.--Houston [14th Dist.] 1994, no pet.), appellee contends that pro se
parties are to be held to the same standards as licensed attorneys and are not
to be afforded any Aspecial treatment@ before the Court.  We find the determination of whether or not
the arguments are groundless is premature.

It is true, as appellee points out,
that Texas Rules of Appellate Procedure Rule 38.1(h) requires Aclear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.@ 
Tex. R. App. P.
38.1(h).  The Court of Appeals has a
process by which a brief is screened for compliance with this Court=s requirements prior to filing.  This compliance review includes checking for
a minimal standard of argument; appellant=s brief met these minimal
standards.  Whether her issues for review
have merit is a question not yet before the Court.  That matter will be addressed when both the
appellant=s and the appellee=s brief are presented for
deliberation.  We therefore deny appellee=s motion to deem appellant=s issues waived and to render
judgment in favor of appellee.

 

SUSAN LARSEN, Justice

October
24, 2002

 

Before
Panel No. 1

Larsen,
McClure, and Chew, JJ.

 

(Do
Not Publish)