Affirmed and Opinion filed December 18, 2003










Affirmed
and Memorandum Opinion filed December 18, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01082-CR

____________

 

KISHORBHAIT PATEL , Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 5390

 



 

 M E M O R A N D U
M   O P I N I O N

Appellant Kishorbhait Patel
entered a plea of not guilty in a Houston municipal court to failure to install
a portable fire extinguisher.  The municipal
court convicted appellant and assessed punishment at a fine of $250.00.  Appellant appealed his conviction to the
county court at law, which affirmed the conviction.  Appellant now appeals that decision.  We affirm.








Appellant was charged by complaint with failure to install a
portable fire extinguisher in accordance with the fire code of the City of
Houston.  After a non-jury trial,
appellant was found guilty and fined $250.00. 
Because appellant failed to request a court reporter, no record was made
of the trial in municipal court. 
Following his conviction appellant filed a motion for new trial in which
he contended, among other things, that the fire inspector had lied under oath
in the municipal court.  The municipal
court judge denied the motion for new trial and appellant appealed to the
county court at law.  The judge of the
county court at law affirmed the municipal court judgment because appellant
provided neither a reporter=s record, an agreed statement
of facts, or a brief with legal citations in support of his argument.

We review those points appellant raised before the reviewing
county court at law.  See Tex. Gov=t Code Ann. ' 30.00027 (Vernon Supp. 2003)
(record and briefs on appeal in county court at law constitute record and
briefs on appeal to court of appeals). 
Appellant failed to bring forward a statement of facts.[1]  Without a statement of facts, we  cannot determine whether the trial court
erred.  Kindley
v. State, 879 S.W.2d 261, 263-64 (Tex. App.CHouston [14th Dist.] 1994, no
pet.).  In a municipal court, a court
reporter is not required to record testimony in a case unless the judge or one
of the parties requests a record.  Tex. Gov=t Code Ann. ' 30.00019 (Vernon Supp.
2003).  The record reflects that neither the
judge, nor appellant requested a record in the municipal court.  Further, appellant has failed to file an
agreed statement of facts.  See Tex. R. App. P. 34.2.

Because appellant has failed to file a complete record, we
affirm the judgment of the trial court.

 

PER
CURIAM

 

Judgment rendered and Memorandum
Opinion filed December 18, 2003.

Panel consists of Justices
Yates, Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Although the
appellate rules now refer to the Aclerk=s record@ and the
Areporter=s record,@ see Tex.
R. App. P. 34.5 and 34.6, chapter 30 of the Government Code uses the
former terms, Atranscript@ and Astatement of facts.@  See Tex.
Gov=t Code Ann. ' 30.00017 and 30.00019 (Vernon Supp. 2003).  For purposes of this opinion, we will use the
terms in the Government Code.