Affirmed and Memorandum Opinion filed May 12, 2005









Affirmed and Memorandum Opinion filed May 12, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00370-CR

____________

 

EDGAR ORTIZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
County Criminal Court at Law No. 8

Harris County,
Texas

Trial Court Cause No.
5417

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the order signed March 29, 2005, by
Harris County Criminal Court at Law No. 8, affirming the judgment of the
Houston Municipal Court No. 12, as modified, to correct the spelling of
appellant=s name.  See Tex.
Gov=t Code Ann. ' 30.00027 (Vernon 2004) (providing
for appeal to court of appeals from conviction in municipal court of record).  In a single issue, appellant challenged the
denial of his motion to quash the criminal complaint against him because there
was a variance in the name alleged in the complaint and appellant=s name.  We affirm.








Appellant was charged by complaint with failing to stop at a
clearly marked stop line while facing a red light.  On April 26, 2004, the day the case was set
for trial in municipal court, appellant=s counsel orally moved to quash the
complaint, stating the name in the complaint alleged an incorrect name.[1]  At the hearing on appellant=s motion to quash, appellant=s counsel asserted the complaint was
fatally defective because it named AEdgar E. Oritz,@ and appellant=s name is Edgar E. Ortiz.  Counsel for the State responded Athat=s a typo.@ 
The trial judge reviewed appellant=s driver=s license and acknowledged that
appellant spells his name AOrtiz.@  The court concluded
that there was a Atransposition of letters,@ and the complaint gave sufficient
information to identify the defendant.  The
court denied the motion, and appellant then entered a plea of nolo
contendere.  The municipal court
found appellant guilty and assessed a fine of $150.00.  








After his motion for new trial was overruled, appellant
appealed to the county court at law.  See
Tex. Gov=t Code Ann. ' 30.00014 (Vernon 2004) (providing
for appeal to county court from conviction in municipal court of record).  Appellant=s sole complaint was that the
municipal court should have granted his motion to quash the complaint because
of the variance in his name.  Sitting as
an appellate court, the county court affirmed appellant=s conviction, as modified, to correct
the spelling of appellant=s name.[2]  Appellant now appeals to this court.  We review only those issues appellant raised
before the reviewing county criminal court at law.  See Tex.
Gov=t Code. Ann. ' 30.00027(b)(1) (Vernon 2004) (the
record and briefs on appeal in the county court at law constitute the record
and briefs on appeal to the court of appeals); Preston v. State, 145
S.W.3d 683, 685 (Tex. App.CCorpus Christi 2004, no pet.). 

A trial court=s ruling on a motion to dismiss a charging instrument will
not be reversed absent an abuse of discretion. 
State v. Perez, 906 S.W.2d 558, 559 (Tex. App.CSan Antonio 1995), aff=d, 947 S.W.2d 268 (Tex. Crim. App. 1997).  A trial court abuses its discretion if it
acts without reference to guiding principles or rules.  Lyles v. State, 850 S.W.2d 497, 502
(Tex. Crim. App. 1993). 

A complaint is sufficient if it substantially complies
with statute=s requirement to state the accused=s name.  See Tex.
Code Crim. Proc. Ann. art. 45.019 (Vernon 1977) (emphasis
supplied).  The same particularity that
is required for an indictment or information is not required for a complaint
used as a misdemeanor charging instrument. 
Kindley v. State, 879 S.W.2d 261, 263 (Tex. App.CHouston [14th Dist.] 1994, no
pet.).  In addition, a complaint may be
amended to cure a variance on matters of form. 
Peterson v. State, 732 S.W.2d 22, 24 (Tex. App.CSan Antonio 1987, no pet.). 

The Texas Code of Criminal Procedure provides that a judgment
shall not be affected Aby reason of any defect of form which does not prejudice the
substantial rights of the defendant.@ 
Tex. Code Crim. Proc. Ann.
art. 21.19 (Vernon 1989).  A defect in a
charging instrument will not require reversal unless it restricted appellant=s opportunity to defend against the
prosecution.  See Adams v. State,
707 S.W.2d 900, 902 (Tex. Crim. App. 1986). 
A typographical error does not render an indictment fundamentally
defective.  Smith v. State, 712
S.W.2d 270, 271 (Tex. App.CBeaumont 1986, pet. ref=d).








In this case, appellant failed to assert he was prejudiced or
misled by the typographical error in the spelling of his last name in the
complaint.[3]  He argued only that the rule of idem
sonans does not apply to the spelling mistake in this case.  Under the rule of idem sonans, a
variance between the name alleged in the indictment and that proved at trial is
immaterial if the names sound the same or if it is difficult to distinguish
between the two names when they are pronounced out loud.  Martin v. State, 541 S.W.2d 605, 608
(Tex. Crim. App. 1976).  The
applicability of iden sonens is a question for the trier of fact and its
determination will not be disturbed on the Acold@appellate record absent a showing the
names could never sound alike.  Id.  Reversal will be warranted only if the
evidence shows that the names are patently incapable of being sounded the same
or that the accused was misled to his prejudice.  Flanagan v. State, 620 S.W.2d 591, 594
(Tex. Crim. App. 1981).  On this record,
there has been no showing of prejudice or that the trial court abused its
discretion in denying appellant=s motion to quash.  

Appellant=s authorities are not on point.  His reliance on Cook v. State, 902
S.W.2d 471 (Tex. Crim. App. 1995) is misplaced. 
There, a felony indictment was so deficient that it did not invest the
trial court with jurisdiction because it completely failed to charge Aa person.@ 
Id. at 480.  In addition,
appellant=s citation to Dingler v. State,
705 S.W.2d 144 (Tex. Crim. App. 1984) does not aid his position.  See id at 145-46 (upholding court of
appeals= finding that idem sonans applied
to cure misspelled name but reversing on insufficient evidence).

In conclusion, we hold the trial court did not abuse its
discretion is failing to quash the criminal complaint in this case and overrule
appellant=s sole appellate issue.  Accordingly, we affirm the order of the
county court upholding the conviction of the municipal court.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 12, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost. 

Do Not Publish C Tex. R. App.
P. 47.2(b).











[1]  In municipal
court, a complaint serves as the sole charging instrument.  Tex.
Code Crim. Proc. Ann. art. 45.018 (Vernon Supp. 2004-05).  In addition, a defendant=s pleadings may be oral or in writing. Tex. Code Crim. Proc. Ann. art. 45.021
(Vernon Supp. 2004-05);  Huynh v.
State, 901 S.W.2d 480, 482 (Tex. Crim. App. 1995).





[2]  On appeal to
the county criminal court at law, review was limited to the basis of the errors
as set forth in the record from the proceedings in the municipal court.  An appeal from a municipal court of record
may not be by trial de novo.  Tex. Code Crim. Proc. Ann. art.
45.042(b) (Vernon Supp.2004); Tex. Gov=t Code. Ann. ' 30.00014(b) (Vernon 2004).





[3]  We consider
appellant=s appeal on the briefs and record from the appeal to
the County Criminal Court at Law No. 8, acting as an appellate court.  See Tex.
Gov=t Code Ann. ' 30.00027(b)(1) (Vernon 2004).