Affirmed and Memorandum Opinion filed November 1, 2007








Affirmed and Memorandum Opinion filed November 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00728-CR

____________

 

CHESTER T. MACHEN, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 8

Harris County, Texas

Trial Court Cause No. 5467

 



 

M E M O R A N D U M   O P I N I O N

Appellant Chester T. Machen, Jr. challenges his conviction
for the offense of failure to yield the right-of-way on the grounds that the
trial court erred in denying his motion to quash the complaint and his proposed
jury charge.  He further contends the evidence is legally and factually
insufficient to support his conviction.  We affirm. 








I.  Factual and
Procedural Background

On July 7, 2005, appellant was charged by misdemeanor
complaint with the offense of failure to yield the right-of-way while entering
a private drive on or about March 18, 2005.  His jury trial began on September
8, 2005.[1] 


Before voir dire, appellant moved to quash the complaint
because it did not mention an Aintersection,@ which he
contended was an element of the offense.  The trial court denied his motion. 
After the jury was empaneled, the complaining witness, George Schagar,
testified that on March 18, 2005, he was studying for his medical boards at a
coffee shop on the north side of West Gray Street in Houston.  According to
Schagar, he left the coffee shop around noon.  He stated he wanted to turn left
on West Gray to get to the eastbound lanes.  To do so, he needed to cross the
westbound lanes of West Gray, where there was heavy traffic approaching the
traffic light at the intersection of West Gray and Shepherd.  Schagar stated
that two cars traveling westbound on West Gray stopped as they approached the
traffic light to let him proceed across the westbound lanes to turn left into
the eastbound lanes of West Gray.  Schagar stated that he checked for eastbound
traffic on West Gray and saw none, so he proceeded into the eastbound lane.  As
he advanced into that lane, he struck appellant=s car, which
Schagar testified was traveling on the Awrong side of the
road trying to enter [another coffee shop] on the south side@ of West Gray. 
Although Schagar saw appellant=s car, he was unable to stop in time because
appellant was Acoming fast.@  He explained
that his car was in the eastbound lane when the accident occurred and that
appellant was driving westbound in the eastbound lane.  At the conclusion of
Schagar=s testimony, the
State rested. 








Appellant then testified that he was driving westbound on
West Gray toward Shepherd.  He stated that, to get to a coffee shop on the
north side of the street, he attempted to make a left turn into the driveway of
the coffee shop.  He explained that there was a Astack of traffic
all the way westbound at the light@ at West Gray and
Shepherd.  Appellant admitted he did not wait until his vehicle was completely
lined up with the driveway to the coffee shop to turn left; instead he stated
he began his turn about one car length away from the driveway and made a
diagonal left turn to cross the eastbound lanes.  He stated he was Astraddling@ the eastbound
lanes at the time of the accident.

After both sides rested, appellant requested the following
jury instruction:

An operator about to enter or
cross a highway from an alley, building, or private road or driveway shall
yield the right-of-way to a vehicle approaching on the highway to be entered.

 

The
trial court refused to include this instruction in the jury charge.  The jury
found appellant guilty as charged in the complaint and assessed punishment at a
$200.00 fine.  Appellant filed an appeal bond on September 14, 2005 and a
motion for new trial on September 16, 2005.  After his motion for new trial was
overruled by operation of law,[2]
appellant filed an appeal in the County Criminal Court on October 17, 2005.[3] 
The County Criminal Court affirmed the trial court=s judgment on
August 8, 2006.  This appeal timely followed.

II.  Issues and
Analysis

A.      Denial of Motion to Quash Complaint

In his first issue, appellant contends the trial court
erred in denying his motion to quash the complaint because the complaint did
not include the term Aintersection.@  According to
appellant, he therefore was not given notice of the charges against him, and
the complaint failed to state an offense.  








We review a trial court=s ruling on a
motion to quash de novo.  State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim.
App. 2004).  Because an accused has both federal and state constitutional
rights to notice, a charging instrument must be specific enough to notify the
accused of the nature of the accusation against him so that he may prepare a
defense.  Id.; see also U.S.
Const. amend. VI; Tex. Const.
art. 1, ' 10; Kindley v.
State, 879 S.W.2d 261, 263 (Tex. App.CHouston [14th
Dist.] 1994, no pet.).  

Appellant contends that because the term Aintersection@ was not included
in the complaint, he did not receive adequate notice of the charge against
him.  The complaint reads:

IN THE NAME AND BY THE AUTHORITY OF
THE STATE OF TEXAS:  I, THE UNDERSIGNED AFFIANT, DO SOLEMNLY SWEAR THAT I HAVE
GOOD REASON TO BELIEVE, AND DO BELIEVE THAT MACHEN, CHESTER T JR, HEREINAFTER
CALLED DEFENDANT, HERETOFORE, ON OR ABOUT THE 18TH DAY OF MARCH A.D., 2005, AND
BEFORE MAKING AND FILING OF THIS COMPLAINT, WITHIN THE INCORPORATED LIMITS OF
THE CITY OF HOUSTON, COUNTY OF HARRIS AND STATE OF TEXAS, DID THEN AND THERE
UNLAWFULLY WHILE OPERATING A MOTOR VEHICLE UPON THE 2000 BLOCK OF WEST GRAY, A
PUBLIC STREET, DID LEFT TURN SAID MOTOR VEHICLE TO ENTER A PRIVATE DRIVEWAY,
DID FAIL TO YIELD RIGHT-OF-WAY TO ANOTHER VEHICLE THAT WAS APPROACHING FROM THE
OPPOSITE DIRECTION AND WAS SO CLOSE THERETO AS TO CONSTITUTE AN IMMEDIATE
HAZARD.

 

Although
this complaint does not precisely track the language of the statute appellant
violated,[4]
it is Aclear, concise,
and would notify anyone of reasonable intelligence of the nature of the charge.@  Kindley,
879 S.W.2d at 263.  We therefore hold that the complaint provided appellant
sufficient notice of the charges against him and did not violate his constitutional
rights.








Appellant further asserts that the lack of the term Aintersection@ in the complaint
renders it defective in form.  But 

[a] complaint is sufficient, without regard to its form, if it
substantially satisfies the following requisites:

(1) it must be in writing;

(2) it must commence AIn the name and by the authority of the State of Texas@;

(3) it must state the name of the accused, if known, or if unknown,
must include a reasonably definite description of the accused;

(4) it must show that the accused has committed an offense against the
law of the state, or state that the affiant has good reason to believe and does
believe that the accused has committed an offense against the law of this
state;

(5) it must state the date the offense was committed as definitely as
the affiant is able to provide;

(6) it must bear the signature or the mark of the affiant; and

(7) it must conclude with the words
AAgainst the peace and dignity of
the State@ . . . .

 

Tex. Code Crim. Proc. Ann. art. 45.019(a)
(Vernon 2006).  Appellant has not explained how the complaint does not
substantially comply with the requisites established by the Legislature in this
article.[5]


In sum, we conclude the complaint in this case is specific
enough to notify appellant of the nature of the accusation against him so that
he could prepare a defense.  See Moff, 154 S.W.3d at 601.   In addition,
the complaint substantially satisfies the requirements of article 45.019(a). 
For these reasons, we overrule appellant=s first issue.








B.      Refusal of Proposed Jury Instruction

In his second issue, appellant contends
the trial court=s refusal of his proposed jury instruction
was erroneous because the evidence established that appellant may have had the
right-of-way. Appellant asserts that the complainant, who was entering the
roadway from a private driveway, was required to yield the right-of-way to any
approaching vehicles on the roadway.  See Tex. Transp. Code Ann. ' 545.155 (Vernon
1999).  Thus, appellant argues he was entitled to an instruction regarding this
defense under section 2.03 of the Penal Code because evidence supporting the
defense was admitted. 

A[A] defensive instruction is not required
when the issue in question is not a statutorily‑enumerated defense and
merely serves to negate elements of the State=s case.@  Ortiz v. State,
93 S.W.3d 79, 92 (Tex. Crim. App. 2002) (en banc).  Appellant cites no
authority for his contention that his requested instruction is such a defense
to prosecution for the offense with which he was charged.  Nothing in section
2.03 of the Penal Code indicates that section 545.155 of the Rules of the Road
it is a defense to prosecution.  Tex.
Penal Code Ann. ' 2.03(a) (Vernon 2003).  Section 2.03 of
the Penal Code provides, AA defense to prosecution for an offense in
this code is so labeled by the phrase: >It is a defense to
prosecution . . . .=@; there is no such
similar language in section 545.155 of the Rules of the Road.  Compare id.
with Tex. Transp. Code Ann. ' 545.155. 
Finally, any alleged violation of the Rules of the Road that may have been
committed by the complainant would only have served to negate an element of the
State=s case.[6]
 See Ortiz, 93 S.W.3d at 92.  Because the trial court did not err
in refusing to include this defensive instruction in the jury charge, we
overrule appellant=s second issue.








C.      Legal and Factual Sufficiency of the Evidence

In his third issue, appellant contends that the evidence is
legally and factually insufficient to support his conviction.  As a preliminary
matter, appellant contends that the Ahypothetically
correct jury charge@ would have included his requested
instruction discussed supra, and that we must therefore measure the
sufficiency of the evidence including this instruction.  But because we have
determined that the trial court did not err by excluding this defensive
instruction in the jury charge, we overrule that portion of his argument.

1.       Legal Sufficiency

When reviewing the legal sufficiency of the evidence, we do
not ask whether we believe that the evidence at trial established guilt beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318B19, 99 S. Ct.
2781, 2789 (1979). Rather, we examine the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Id.
443 U.S. at 319, 99 S. Ct. at 2789; Mason v. State, 905 S.W.2d 570, 574
(Tex. Crim. App. 1995) (en banc).

Here, appellant was charged with failure to yield the right-of-way
under section 545.152, which states:

To turn left at an intersection or
into an alley or private road or driveway, an operator shall yield the
right-of-way to a vehicle that is approaching from the opposite direction and
that is in the intersection or in such proximity to the intersection as to be
an immediate hazard.

 

Tex. Transp. Code Ann. ' 545.152.








Appellant asserts that the term Aintersection@ is a required
element of the offense.  He contends the evidence is legally insufficient
because A[t]here was no
pleading or proof of an intersection[,] which by definition requires more than
one public highway.  It does not include a highway and a private drive[;] it
must be two highways or streets.@ (citation
omitted).   Although Aintersection@ is so defined in
the Rules of the Road,[7] 
limiting this term as it is used in section 545.152 to its statutory definition
could lead to absurd results.  For example, an operator turning left into a
private driveway, with no section 541.303 Aintersection@ nearby, would not
be required to yield the right-of-way to oncoming traffic.  Such a limited
construct of this statute would be inconsistent with the Legislature=s intent that
those turning left at either an intersection or into an alley, private road, or
driveway yield the right-of-way to vehicles approaching from the opposite
direction.  Id. ' 545.152; see also City of San Antonio
v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003) (AIn construing a
statute, our objective is to determine and give effect to the Legislature=s intent.@ ).  Thus, we
disagree with appellant=s contention that Aintersection@ as narrowly
defined by section 541.303 is an element of the charged offense.  And as this
term is not an element of the offense, the evidence is not legally insufficient
on this basis.

Turning to the evidence in this case, appellant=s own testimony
established that he was attempting to turn left from West Gray into the private
driveway of a coffee shop and that he crossed the eastbound lanes of West Gray
at an angle to do so.  Schagar, the complaining witness, testified that his car
was in the eastbound lane when he hit appellant=s car, which
Schagar asserted was traveling westbound in the eastbound lane, i.e., in
the wrong direction in the eastbound lane.  After reviewing the evidence in the
light most favorable to the verdict, we conclude that a rational trier of fact
could have determined beyond a reasonable doubt that appellant, while
attempting to turn left into a private driveway, failed to yield the
right-of-way to the complaining witness who was approaching from the opposite
direction and was in such proximity to the intersection of West Gray and the
private driveway as to be an immediate hazard.  Accordingly, we overrule
appellant=s legal sufficiency challenge.








2.       Factual Sufficiency

We begin a factual‑sufficiency review by viewing all
of the evidence in a neutral light.  Watson v. State, 204 S.W.3d 404,
414 (Tex. Crim. App. 2006) (citing Cain v. State, 958 S.W.2d 404, 408
(Tex. Crim. App. 1997) (en banc)).  We may not re‑weigh the evidence or
substitute our judgment for that of the jury.  See Cain, 958 S.W.2d at
407.  Unless the record clearly reveals a different result is appropriate, we Amust defer to the
jury=s determination
concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor.@  Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000) (en banc).  We will reverse
only if we are able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury=s verdict.  Watson,
204 S.W.3d at 417.

Here appellant asserts that the weight of the evidence
shows he was turning left into a private driveway while Schagar entered West
Gray Aunsafely@ from a private
driveway.  This argument would require us to give more weight to appellant=s testimony than
to Schagar=s testimony.  But we must defer to the jury=s determination
concerning the weight to give contradictory testimony because resolution of
this issue turns on an evaluation of each witness=s credibility and
demeanor.  See Johnson, 23 S.W.3d at 8.  Reviewing the evidence in a
neutral light, we cannot say that the jury=s verdict is
against the great weight and preponderance of the evidence.  See Watson,
204 S.W.3d at 417.  Accordingly, we overrule appellant=s factual
sufficiency challenge.  

Having determined that legally and factually sufficient
evidence supports the verdict, we overrule appellant=s third issue.

III.  Conclusion








We hold the complaint in this case
was sufficiently specific to notify appellant of the charges against him and it
substantially complied with the statutory requirements.  We further determine
there is no error in the trial court=s jury instructions.  Finally, we overrule appellant=s sufficiency challenges to the
evidence.  Having overruled appellant=s three issues, we affirm the judgment of the trial court.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered
and Opinion filed November 1, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Cause No. 09816812-2-9, Municipal Court No. 11, City
of Houston, Harris County, Texas.  





[2]  The record reflects that appellant=s motion for new trial was denied by the municipal
court on November 30, 2005.





[3]  Cause No. 5467, County Criminal Court at Law No. 8,
Harris County, Texas.  A defendant has the right of appeal from a judgment or
conviction in a municipal court of record to the county criminal court.  See
Tex. Gov=t
Code Ann. ' 30.00014(a) (Vernon 2004).





[4]  See Tex.
Transp. Code Ann. ' 545.152 (Vernon 1999).





[5]  Instead, appellant cites subsection (f) of article
45.019 in support of his argument that a complaint must Acontain all elements in order not to be fundamentally
defective.@  But this subsection discusses the requirement that a
defendant object to any error of form or substance before the date on which a
trial on the merits commences, and makes no mention of any requirement that all
elements of the offense be spelled out in detail in a charging instrument.  See
id. ' 45.019(f).





[6]   The jury was not asked to determine which party was
at fault for the accident but was simply required to determine whether appellant
failed to yield the right-of-way when he was turning left into a private
driveway.  





[7]  See Tex.
Transp. Code ' 541.303 (defining Aintersection@ as Athe common area
at the junction of two highways, other than the junction of an alley and a
highway@).