**Affirmed and Memorandum Opinion filed March 6, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00265-CR

---

### TAMMIE MANEIKA HAMPTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1680426**

---

## M E M O R A N D U M   O P I N I O N

Appellant Tammie Maneika Hampton challenges her misdemeanor conviction for the offense of violating the regulations for sexually oriented businesses ("SOB") by entertaining without a valid SOB permit. In four issues,[1] she asserts that (a) the complaint did not meet the statutory requisites to confer jurisdiction on the trial court, (b) the trial court erred in permitting the State to amend the information because it was not

---

[1] We have listed the issues here as appellant states them in the "Issues Presented" portion of her brief. However, appellant has not linked her argument to the issues presented. Accordingly, we have read her argument to identify the actual issues she has presented and the arguments made in support of them in the analysis portion of this opinion.

supported by a valid complaint, (c) the trial should not have proceeded in a case in which it permitted amendment of the complaint but the complaint had not been served on her, and (d) the trial court erroneously demanded that she notice her appeal and post her appeal bond even though there was a timely motion for new trial pending upon which the trial court had not and did not rule. We affirm.

## BACKGROUND

Entyce Gentlemen's Club in Harris County did not have an SOB permit (an "SOBP"), and several complaints had been lodged with the Harris County Sheriff's Office ("HCSO") regarding possible criminal activity there. During the late evening and early morning hours of March 12th and 13th, 2010, HCSO personnel conducted an undercover vice investigation at the club. Appellant approached undercover deputy T.L. Burkes and asked him if he wanted a "private dance." Burkes assented, and appellant began dancing in what Burkes described as a sexual manner, simulating a sex act. When appellant concluded the dance, she told Burkes that he owed her $50.00. Burkes paid for the dance. Later that evening, appellant was arrested by other HCSO deputies after Burkes identified her as the individual who had performed the sexually explicit dance. Appellant did not have an SOBP.

Because Entyce did not have a Class I SOBP, all employees, including entertainers, wait staff, dancers, and managers, were personally required to have a Class II SOBP to work in a sexually-oriented business.[2] On May 13, 2010, a complaint was filed in this case, which provides as follows:

> Before me, the undersigned Assistant District Attorney of Harris County, Texas this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, TAMMIE MANEIKA HAMPTON, hereafter styled the Defendant, heretofore on or about MAY 13, 2010, did then and there unlawfully intentionally and knowingly conduct business, to-wit: ADULT CABARET as a Class II enterprise in an unincorporated area of Harris County, Texas,

---

[2] *See* Regulations for Sexually Oriented Bus. in the Unincorporated Area of Harris Cnty., Tex. § V.

without a valid sexually oriented business permit, issued in accordance with the Regulations for Sexually Oriented Businesses in the Unincorporated Area of Harris County, Texas.

That same day, appellant was charged by information for the Class A Misdemeanor offense of Operating a Sexually Oriented Enterprise as follows:

> Comes now the undersigned Assistant District Attorney of Harris County, Texas on behalf of the State of Texas, and presents in and to the County Criminal Court at Law No. 1 of Harris County, Texas, that in Harris County, Texas, TAMMIE MANEIKA HAMPTON, hereafter styled the Defendant, heretofore on or about MAY 13, 2010, did then and there unlawfully intentionally and knowingly conduct business, to-wit: ADULT CABARET as a Class II enterprise namely TAMMIE MANEIKA HAMPTON in an unincorporated area of Harris County, TEXAS, without a valid sexually oriented business permit, issued in accordance with the Regulations for Sexually Oriented Businesses in the Unincorporated Area of Harris County, Texas.

Appellant filed a motion to quash the complaint in September 2010, asserting that it failed to state a cause of action. She filed another, more detailed motion to quash the complaint in January 2011. The State subsequently filed a motion for leave to amend the information. The trial court held a pre-trial hearing on January 26, 2011, during which appellant objected to the State's proposed amendment. The court granted the State's motion to amend the information. The words "Adult Cabaret" were crossed out and replaced with the words "As A Sexually Oriented Enterprise."

In March 2011, a jury found appellant guilty as charged in the information. The trial court sentenced her to thirty days in the Harris County Jail for this misdemeanor offense. This appeal timely followed.

## ANALYSIS

### A. Motion to Quash

In her first issue, appellant contends that the trial court erred in denying her motion to quash the complaint. Specifically, she contends that the complaint has made her "answer to an impossible charge" because it charges her with conducting business,

3

"to-wit:  Adult Cabaret as a Class II enterprise" when an adult cabaret is actually a Class I enterprise.

A complaint is a sworn allegation charging the accused with the commission of an offense in justice and municipal courts.  Tex. Code Crim. Proc. Ann. art. 45.018(a) (West 2006).  A complaint is sufficient if it shows that the accused has committed an offense against the law of the state.  *Id.* art. 45.019(a)(4) (West 2006).  A motion to quash should be granted only when the language concerning the defendant's alleged conduct is so vague or indefinite as to deny her effective notice of the acts she allegedly committed.  *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).  The particularity in pleading required for an indictment or an information is not required for a complaint, and a complaint will not be dismissed due to a mere informality.  *Kindley v. State*, 879 S.W.2d 261, 263 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

The Regulations for Sexually Oriented Businesses in the Unincorporated Area of Harris County classify sexually-oriented enterprises in two categories:

> (i) Class I enterprises conduct business regularly at a specific location.
>
> (ii) Class II enterprises are individuals who offer, for compensation, a service intended to provide sexual stimulation or sexual gratification to patrons at any location in the County unless that individual is an employee of a Class I enterprise working at the location permitted under a Class I [Sexually Oriented Business Permit].

Regulations for Sexually Oriented Bus. in the Unincorporated Area of Harris Cnty., Tex. § IV(q)(1).  Thus, an adult cabaret, which is a business regularly conducted at a specific location,[3] is classified as a Class I enterprise.  However, appellant, as an individual, is classified as a Class II enterprise.

Section V of the regulations requires that "enterprises" have permits:

> No person shall conduct business as either a Class I or Class II sexually oriented business enterprise at any location in the area of Harris County

---

[3] *See id.* § IV(c) (defining "adult cabaret" as a "nightclub, bar, restaurant, or similar commercial establishment" featuring sexually oriented activities or individuals who perform semi-nude).

covered by these regulations without a valid Sexually Oriented Business Permit (SOBP) issued in accordance with these regulations.

> (a) A separate application and SOBP shall be required for each enterprise.
>
> (b) Each location of a Class I enterprise is a separate enterprise for the purposes of these regulations.
>
> (c) An individual who is a Class II enterprise shall be issued a single SOBP and badge number. . . .

*Id.* § V. Consequently, the offense at issue here is conducting business without a Class II SOBP, not operating as an Adult Cabaret.

Here, the complaint substantially satisfies the statutory requisite that it "show that the accused has committed an offense against the law of the state." Tex. Code Crim. Proc. Ann. art. 45.019(a)(4). It put appellant on notice that she was accused with operating a Class II sexually oriented enterprise in the unincorporated area of Harris County, Texas on May 13, 2010, without a valid SOBP. Although the complaint mistakenly identifies an "Adult Cabaret" as a Class II enterprise, we cannot say it was so vague or indefinite as to deny appellant effective notice of the acts she allegedly committed. *DeVaughn*, 749 S.W.2d at 67. Accordingly, appellant's first issue is overruled.

## B.    Jurisdiction

Appellant next argues that because there was no valid complaint, there was no valid information. But, as discussed above, we have determined that the complaint substantially satisfies with the statutory requisites. Further, the presentment of an information vests the trial court with jurisdiction over the defendant, regardless of any defect that may exist in the underlying complaint. *Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003). Appellant's second issue lacks merit and is overruled.

## C.    Amended Complaint and Motion for New Trial

In her third issue, appellant complains that the amended complaint was not served on her. In issue four, appellant asserts that the trial court demanded that she give notice

of appeal and post an appeal bond without considering her motion for new trial. Appellant offers no argument, no record citations, and no legal authority in support of these issues. As such, these arguments are inadequately briefed and present nothing for our review. *See* Tex. R. App. P. 38.1(i); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008). These issues are overruled.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment.


/s/    Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).