

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00466-CR

Scott Ralph **WHEELOCK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B18291
Honorable Rex Emerson, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Luz Elena D. Chapa, Justice
                 Beth Watkins, Justice

Delivered and Filed: September 23, 2020

AFFIRMED

Appellant Scott Ralph Wheelock ("Wheelock") was charged with driving while intoxicated, enhanced by prior convictions. Wheelock pleaded guilty, and the trial court sentenced him to confinement for sixty years, plus court costs and restitution. Wheelock appeals.

**Background**

Wheelock was charged by indictment with driving while intoxicated, enhanced to a third-degree felony by two prior convictions for the same offense. While represented by court-appointed

trial counsel, Wheelock signed a non-negotiated guilty plea. The trial court accepted Wheelock's plea and sentenced him to confinement for sixty years. Wheelock filed a pro se notice of appeal.

When it became apparent Wheelock did not have court-appointed appellate counsel, this court abated the case to the trial court for a hearing to determine whether Wheelock intended to proceed pro se and, if not, to appoint appellate counsel. Because Wheelock informed the trial court he desired to pursue his appeal pro se, appellate counsel was not appointed. Wheelock subsequently filed a pro se appellate brief and a pro se "Motion for Affirmance with Damages," which was carried with the appeal.

### Discussion

Wheelock's pro se brief raises eleven issues, which we address separately.

In his first issue, Wheelock argues his court-appointed trial counsel was not authorized to represent him. Wheelock does not cite any authority in support of this argument, nor does he attempt to explain why his trial counsel "did not have any authorization to touch" the case. Although we construe pro se briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable rules of procedure. *See Kindley v. State*, 879 S.W.2d 261, 264 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The rules require appellate briefs to set forth clear and concise arguments with appropriate citations to authorities and the record. *See id.*; TEX. R. APP. P. 38.1(*i*). Because Wheelock's brief fails to comply with this requirement as to this issue, we conclude the issue is waived by inadequate briefing.[1]

---

[1] We nevertheless note that during the hearing in which Wheelock entered his guilty plea, the trial court asked him if he was "satisfied with what [trial counsel] is doing to help you out and represent you," and Wheelock responded: "Yes, sir. That's all we can do." Further, even if Wheelock did not approve of his court-appointed trial counsel, he was not entitled to appointed counsel of his choice. *See Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992).

In his second issue, Wheelock argues the trial court failed to appoint him appellate counsel. As noted, when it became apparent to this court that Wheelock did not have court-appointed appellate counsel, the case was abated to the trial court for a hearing to determine whether Wheelock wanted appellate counsel appointed. The trial court held a hearing, at which it repeatedly advised Wheelock of the dangers of representing himself pro se on appeal. Wheelock nevertheless stated he did not want appointed appellate counsel. A criminal defendant may decline appointed counsel and elect to represent himself pro se. *See Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). Accordingly, Wheelock's second issue is overruled.

In his third issue, Wheelock appears to argue the trial court erred in failing to consider his pro se pretrial motions. Although these motions are not in the record on appeal, the record does contain a March 21, 2019 facsimile from the trial court to all counsel of record listing the various motions. On March 27, 2019, at the hearing in which the trial court accepted Wheelock's guilty plea, the trial court acknowledged Wheelock had filed "about 47 or 48" pro se motions. During the same hearing, Wheelock and his trial counsel each confirmed the pro se motions were withdrawn and Wheelock would not seek a hearing on any of them. By pleading guilty, Wheelock waived any complaint regarding non-jurisdictional errors complained of in motions filed before the plea was entered. *See Draheim v. State*, 916 S.W.2d 593, 597 (Tex. App.—San Antonio 1996, pet. ref'd) (citing *Jack v. State*, 871 S.W.2d 741, 743 (Tex. Crim. App. 1994)). Wheelock's third issue is overruled.[2]

---

[2] Even if Wheelock had not waived hearing of his pro se motions, we note the trial court is free to disregard pro se motions filed by a defendant who is represented by counsel. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

In his fourth issue, Wheelock argues the indictment was defective for containing "faulty information and enhancements."[3] Wheelock waived his complaint regarding the indictment by entering a guilty plea. *See Stahle v. State*, 970 S.W.2d 682, 694 (Tex. App.—Dallas 1998, pet. ref'd) (holding argument that indictments were defective for failing to give appellant adequate notice of the charges against him was waived by entry of guilty plea); *see also* TEX. CODE OF CRIM. P. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal . . . ."). Wheelock's fourth issue is overruled.

In his fifth issue, Wheelock argues a warrantless blood draw violated his Fourth Amendment right against unreasonable search and seizure. Wheelock also waived this issue by entering a guilty plea. *See Duron v. State*, 915 S.W.2d 920, 921 (Tex. App.—Houston [1st Dist.] 1996) (holding guilty plea waives complaints regarding constitutional violations in obtaining evidence and sufficiency of the evidence), *aff'd*, 956 S.W.2d 547 (Tex. Crim. App. 1997). Wheelock's fifth issue is overruled.

In his sixth issue, Wheelock appears to argue the indictment insufficiently alleged the two prior convictions alleged for enhancement. As with his fourth issue, Wheelock waived this complaint by entering a guilty plea. *See Stahle*, 970 S.W.2d at 694; *see also* TEX. CODE OF CRIM. P. art. 1.14(b). Wheelock's sixth issue is overruled.

In his seventh issue, Wheelock appears to argue the trial court failed to conduct preliminary hearings addressing his pro se pretrial motions. Wheelock relies on Texas Rule of Evidence 104(a), which requires the trial court to decide any preliminary question about whether a witness is

---

[3] Wheelock argues the indictment in trial court case number B18539 also was defective. That case, in which Wheelock was charged with failure to appear at a court setting in the instant case, was not appealed and is not before us.

qualified, a privilege exists, or evidence is admissible. TEX. R. EVID. 104(a). As noted, however, Wheelock waived any complaints raised in his pretrial motions by entering a guilty plea and withdrawing the motions. *See Draheim*, 916 S.W.2d at 597 (citing *Jack*, 871 S.W.2d at 743). Accordingly, Wheelock's seventh issue is overruled.

In his eighth and ninth issues, Wheelock sets forth the legal definitions of the common law torts of malicious prosecution and false imprisonment but does not provide any clear or concise arguments explaining how these torts relate to any error on the part of the trial court. Accordingly, we hold Wheelock's eighth and ninth issues are waived for inadequate briefing. *See Kindley*, 879 S.W.2d at 264; TEX. R. APP. P. 38.1(*i*).

In his tenth issue, Wheelock appears to argue the indictment insufficiently alleged the enhancement offenses. As with his fourth and sixth issues, Wheelock waived this complaint regarding the indictment by entering a guilty plea. *See Stahle*, 970 S.W.2d at 694; *see also* TEX. CODE CRIM. PROC. art. 1.14(b). Wheelock's tenth issue is overruled.[4]

In his eleventh issue, Wheelock alleges the following "fundamental errors": trial was held at a location other than the county seat; Wheelock was deprived of a public trial; Wheelock was prosecuted under an ex post facto law; and the trial court gave an instruction that lowered the burden of proof for conviction below a reasonable doubt standard. Nothing in the record suggests any proceedings were conducted somewhere other than the Kerr County Courthouse or that any proceedings were impermissibly closed to the public. Because Wheelock pleaded guilty to the charged offense, the trial court did not give any instructions to a jury regarding the burden of proof for conviction. Further, the use of Wheelock's prior convictions for enhancement is not tantamount

---

[4] The State suggests Wheelock may be arguing the use of prior convictions for enhancement is a double jeopardy violation. Regardless, the use of prior convictions for enhancement does not constitute double jeopardy. *Witte v. United States*, 515 U.S. 389, 400 (1995); *Cherry v. State*, 447 S.W.2d 154, 157–58 (Tex. Crim. App. 1969).

to prosecution under an ex post facto law. *See Vasquez v. State*, 477 S.W.2d 629, 632 (Tex. Crim. App. 1972) ("It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute."). Wheelock's eleventh issue is overruled.

**Conclusion**

Having overruled or found waived each of Wheelock's issues, we affirm the trial court's judgment. Because we affirm the trial court's judgment, Wheelock's "Motion for Affirmance with Damages," which requests "fair compensation" for monetary losses sustained due to his incarceration, is denied.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH